E. R. HAWKINS ET AL. v. S. J. CRAMER.

(Case No. 1708.)

1. FRAUDULENT CONVEYANCE — DEED.— When one in failing circumstances purchases real estate, and procures the deed thereto to be by the vendor made to another, for the purpose of hindering, delaying or defrauding creditors, such real estate is subject to execution to satisfy a judgment against the purchaser, and the sheriff's deed in such case conveys title.

**2. SAME.**— The rule is not varied by the fact that the purchase was made for the benefit of a daughter, and that money, which had been before set apart and appropriated for the daughter's benefit, was paid for the land, there never being any actual delivery of the money to the daughter, but the same being paid by the parent on the purchase direct to the vendor.

APPEAL from Morris. Tried below before the Hon. B. L. Estes.

*B. G. Smith,* for appellants.

*J. M. Moore, J. A. Peacock* and *Shepherd & Hunt,* for appellee.

WALKER, P. J. COM. APP.— This was an action brought by the appellee S. J. Cramer against E. R. Hawkins and R. M. Chapman and his wife, E. A. Chapman, for the recovery of a lot of land in the town of Dangerfield, Morris county, containing about fifty-seven thousand six hundred square feet. The plaintiff claimed title to it under a deed from the sheriff of said county, he having purchased it at sheriff's sale, made under an execution issued on a judgment against said Hawkins; the said lot having been levied on and sold as the property of said Hawkins. The lot in question had never been conveyed to Hawkins. George A. Flowers' deed, dated February 17, 1881, to defendants R. M. Chapman and E. A. Chapman, was the common source of title. In this suit the defendant Hawkins disclaimed any interest in the lot in controversy, and the other defendants answer by general denial and plea of not guilty. The plaintiff alleged in his petition that the defendant E. R. Hawkins purchased the land from Flowers, and paid therefor his own money, and procured the deed to be made to said Chapman and wife for the purpose of hindering, delaying and defrauding his creditors; that the deed is a fraud upon the plaintiff's rights,— that Hawkins bought the land for his own use and benefit, and that the other defendants only hold it in trust for him.

The cause was submitted to a jury, who found a verdict for the plaintiff; judgment was rendered accordingly for the plaintiff against defendants for the land, from which they appeal and assign errors.

One of the grounds of error assigned is the alleged failure of the court to charge the jury that if the lot in controversy was purchased with the separate and individual money of Mrs. A. J. Hawkins (the wife of E. R. Hawkins, and the mother of Mrs. Chapman), derived by gift and bequest from her ancestors, and kept separate and apart from her husband's, E. R. Hawkins, in that case

they should find for defendants R. M. and E. A. Chapman. The charge of the court was appropriate to the issues in the case, and was correct to the extent of the propositions which it submitted to the jury. It was framed, seemingly, with reference to the evidence which tended to establish on the part of the plaintiff, on the one hand, his allegations of fraud against E. R. Hawkins, and to that which tended, on the other hand, to show, as a full answer thereto, that the lot was acquired with the separate means of Mrs. Chapman.

The evidence fully warranted the charge thus given. The testimony of Mrs. Hawkins, and of her husband, was to the effect that the former had given to Mrs. Chapman the money which paid for the land before the sale took place. The evidence is not specific as to the particular and essential act of the delivery by Mrs. Hawkins to her daughter of the money. A delivery was essential to constitute it a gift so as to change the property in the money. Nevertheless, both of those witnesses stated the general fact as to the gift of the money in unqualified terms, and it does not appear that any particular inquiry or question was made by the plaintiff on their examination, requiring any more special statement as to the facts attending the supposed gift than the witnesses gave. E. R. Hawkins, however, it may be stated, did in his testimony refer to the money as money which Mrs. Chapman had " received " from Mrs. A. J. Hawkins, her mother. Both E. R. Hawkins and his wife, as also the defendant R. M. Chapman, stated emphatically the general fact as to the gift of the money, as before stated. As to the delivery of the money to Mrs. Chapman by Mrs. Hawkins, it is to be admitted that there occurs in her testimony an expression which may be construed to intimate that the money had never passed into the possession of Mrs. Chapman. The remark referred to is as follows: " The reason why I did not deliver possession of the money to Ella A. Chapman, and that the money was paid through Dr. E. R. Hawkins, her father, was because my daughter and myself desired that the money should remain with us for profitable investment for her benefit."

Under this state of the evidence, it was proper that the court should have done, as it did do, submit under its charge for the jury to determine whether the money was in fact, under the proof made concerning the gift, the property or not of Mrs. Chapman.

The appellants do not complain that the court did thus charge the jury on that point. The objection urged under this assignment, and which is virtually involved under other grounds assigned as error, is

Opinion of the court.

that the court did not proceed further, and present the law applicable to an additional hypothesis of which the evidence admitted.

It is quite true, we think, that the court would have been well warranted in giving such a charge, under the evidence in the case, as the appellants claim under this assignment ought to have been given. If, under the facts as they really existed, whilst Mrs. Hawkins, and all concerned, may have treated, considered and supposed that her intention to dedicate the money to her daughter was equivalent to a gift of it, and that the right to it had vested in her daughter at and before the time it was used to buy the lot, and yet were mistaken and misconceived the legal effect and result of such mere intention to give when not accompanied by a delivery of it, in such case, if Mrs. Hawkins and her husband, acting upon the intent to invest the money in the land for her daughter's benefit, the result of their action in the premises would have been to invest her said daughter with title to the land as a gift of it, which would have been as effective as though it had been purchased with money belonging to Mrs. Chapman.

Where there is a view of the case not presented by the charge on which a party might have been entitled to a verdict, the attention of the court should be called thereto by asking instructions on the point. Johnson v. Granger, 51 Tex., 45; Linn v. Wright, 18 Tex., 318; Bast v. Alford, 20 Tex., 229; Farquhar v. Dallas, id., 200; Thompson v. Payne, 21 Tex., 621; 27 Tex., 355; 28 Tex., 52; 43 Tex., 261; 52 Tex., 112.

The defendants did not except to the charge given, nor did they ask for any instructions to be given, and there is no error apparent in the charge whereby the jury were misled. There are other assignments of error predicated on the failure of the court to charge certain propositions of law, but we need not refer to them, as the reasons already given are decisive against them.

Upon due consideration of all the grounds presented by the appellants for review of the judgment, we are of the opinion that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted January 21, 1885.]