No. 2472.

## M. F. LINCH v. W. A. BROAD ET AL.

1. CERTIORARI.—A proceeding by certiorari issuing out of the district court to correct orders or a judgment of the probate court, under which a hearing is had de novo, is in no respect collateral in its character.

2. SAME—BILL OF REVIEW.—Though article 2217 provides also for a bill of review to correct orders and judgments of the probate court, it does not follow that such means of correcting improper judgments should be resorted to before seeking to accomplish the same result by certiorari.

3. ABATEMENT—BOND.—If, in a proceeding by guardian and ward to remove a cause by certiorari to the district court, both the guardian and the minor ward sign the cost bond, the fact that the minor signed it in his own name with sureties will not vitiate the bond. No bond for cost could rightfully have been required, and the sureties became bound, even without the signatures of guardian or ward.

4. HOMESTEAD.—The provision in the present Constitution enlarging the value of the exempt homestead can not be retroactively applied so as

to include not only property which was of value up to the maximum exception of the former Constitution when it was first acquired and occupied as homestead, and up to the maximum allowed by the present Constitution by reason of its increased value, but also contiguous property of value sufficient to make up, where the homestead was fixed the full value of the present homestead exemption.

5. ESTATES OF DECEDENTS.—The surviving widow is liable to the minor heirs of her deceased husband for reasonable rents of improved property improperly set aside to her as homestead by order of the probate court, when such order is corrected by direct proceeding for that purpose.

APPEAL from Lamar. Tried below before the Hon. A. M. Taylor.

*V. W. Hale,* for appellants: No demand having been made to be let into joint possession of the homestead by a tenant in common, and, as in this case, where the property was occupied and held by the widow and minor children under a decree of the probate court, appellees W. A. and Chas. I. Broad were not entitled to recover rents. (Aiken v. Jefferson, 65 Texas, 137, and authorities there cited; Neil v. Shackelford, 45 Texas, 119; Pressley's Heirs v. Robinson, 57 Texas, 457.)

The homestead of a family under the present Constitution and laws, when in a city, town or village, shall consist of lot or lots not exceeding in value five thousand dollars at the time of their designation, without reference to the value of any improvements thereon, including a place to exercise the calling or business of the head of the family, regardless of what it may be worth now. (Const., art. 16, sec. 51; Rev. Stats., art. 2336; Baylor v. S. A. Nat. Bank, 38 Texas, 454; Rev. Stats., art. 2004, 2009; Gilliam v. Null, 58 Texas, 305; Cannon v. Bonner, 38 Texas, 492; Wright v. McNutt, 49 Texas, 429.

*B. F. Fuller,* for appellee: The proceeding by certiorari is not a collateral attack on the decree of the probate court, but is one mode of appeal allowed by statute, and the district court did not exercise original jurisdiction, but appellate jurisdiction, not collaterally, but directly, attacking the decree of the county court. (Rev. Stats., art. 290–292; George v. Hefflefinger, 14 Texas, 580; Ray v. Parsons, 14 Texas, 371; Oldham v. McIver, 49 Texas, 565–573; Frank v. Chapman, 60 Texas, 47.)

The other propositions refer alone to the objections to the bond.

ACKER, JUDGE.   On September 30, 1884, there were two suits pending in the district court of Lamar county, brought by appellees, the heirs of John W. Broad, deceased, against appellants, which were on that day consolidated on motion of appellees, without objection on the part of appellants.   One of these suits was a proceeding by certiorari to revise and correct an order of the county court made in July, 1877, setting apart the property in controveasy to the widow and minor children of John W. Broad as a homestead, and the other was to recover rents for property used and rented out by the appellants, and not legally a part of the homestead, and for partition of such property.   John W. Broad died in January, 1877, and his widow afterwards married F. S. Linch.

It is contended that the court erred in overruling appellants' exception to appellees' petition, "because it is a collateral attack on the decree of the probate court without first asking that court to correct it, and the district court has no jurisdiction of this case as it is presented."

Our Revised Statutes expressly provide that orders, judgments, etc., of the probate court may be removed by certiorari to the district court for revision (art. 290), and when so removed, the trial in the district court shall be de novo.   (Art. 297.)   The proceeding by certiorari is a direct proceeding, and can not be considered, in any sense, a collateral proceeding.

The error complained of in the application for the writ of certiorari was that the homestead set apart by the order of the probate court in July, 1877, to the widow and minor children of John W. Broad was excessive, and against this order the proceeding was directed.   Article 2717 of the Revised Statutes provides for a proceeding by bill of review in the county court to correct the orders or judgments of that court in probate matters, but we do not think it was intended by this provision to make the proceeding by bill of review a condition precedent to the exercise of jurisdiction in the district court by certiorari or appeal.   We therefore conclude that the court did not err in overruling the exception.

Appellants contend that the court erred in overruling their plea in abatement, "because said minors sue in their own names when they have a qualified guardian," and "because said minors executed the certiorari bond in their own names." The record does not sustain either of the grounds of the plea in abatement.   The petition sets out the names of the minors,

and alleges that "T. Broad is their duly qualified guardian, and represents them in this suit." The names of the minor appellees are attached to the certiorari bond, but it is also signed by the guardian with security. The writ of certiorari was awarded by the fiat of the district judge, which directed that the writ issue "upon applicants filing a cost bond with security, in the sum of one hundred dollars." The guardian could not legally be required to give security for costs. (Rev. Stats., art. 1439.) If the cost bond was properly required, the signatures of neither the guardian nor wards were necessary to its validity, as the surety would be bound without the signature of either. (Langham v. Thompson, 5 Texas, 130.) We think the court did not err in overruling the plea in abatement.

It appears that appellant, M. F. Linch, and her former husband, John W. Broad, were married in April, 1859, and at that time John W. Broad owned lot number three, in block four, in the town of Paris, upon which there is now situated two and one-third brick store houses, and soon thereafter he purchased lots five, six, seven and eight, in the same block, on which he built a residence and established his homestead, where he resided until his death; that he purchased lot four in 1867, and twenty-five feet by one hundred and eight feet off of lot two was purchased in 1869; that John W. Broad carried on his business in two of the six store houses up to the time of his death, and his widow continued the business in the same buildings after his death; that lots five, six, seven and eight, on which the residence was built, were of the value of two thousand dollars in 1859, and of the value of five thousand dollars in 1877, at the time the homestead was set apart, exclusive of improvements; that lot three was of the value of two thousand dollars in 1859, and of the value of six thousand dollars in 1877, exclusive of improvements; that lot four was of the value of five thousand dollars in 1877, exclusive of improvements, and that the twenty-five by one hundred and eight feet of lot two was of the value of three thousand dollars in 1877, exclusive of improvements.

Under this state of facts it is contended by appellant that, as the property set apart as the homestead by the order of the probate court did not exceed in value, at the time it was acquired, the limit fixed by the present Constitution, the court erred in fixing the homestead by the values of the property at

the time of the death of John W. Broad. The four lots actually occupied and used as a homestead, when they were first so occupied and used in 1859, were then equal in value to the limit prescribed by the Constitution then in force; and in 1877, at the time of the death of John W. Broad, they were equal in value to the limit prescribed by the Constitution then and now in force; and we think the court did not err in limiting the homestead to the four lots actually used as "the place of the home" of the widow and minor children at the time of the death of John W. Broad. The provision of the present Constitution enlarging the homestead exemption can not be given a retroactive application, as contended for by appellants, so as to embrace in 1877 all property which in 1859 did not exceed in value the enlarged exemption prescribed by the Constitution of 1876, without regard to value in 1877. (McLane v. Paschal, 62 Texas, 102; Cooley on Con. Lim., secs. 62, 63; Thompson on Homestead and Exemption, sec. 292, and authorities there cited.)

It is contended by appellants that the court erred in rendering judgment in favor of the adult heirs, W. A. and Charles T. Broad, for their proportions of the rents of so much of the property in controversy as was excluded from the homestead by the judgment of the district court, because they say that they are not liable for rents while they held the property under the order of the probate court; and further, because there is no proof that W. A. and Charles T. Broad were adults in 1877, when appellant, M. F. Linch, took possession of the property. On the death of John W. Broad, in January, 1877, appellant M. F. Linch, his widow and the appellees, W. A., Charles T., Jennie E., John W. and Thomas J. Broad, became tenants in common in the property in controversy, subject to the homestead character of a portion of it. They were such by operation of law before the order of the probate court was made, and they have remained such tenants in common since. Under our statutes the homestead is preserved in entirety for the use of the widow during her life, and the children during their minority, and can not be partitioned until after her death, nor is she liable for rent, or for the value of the use and occupation of the homestead proper; but, as to common property other than the homestead, it is subject to partition at the suit of any one or more of the tenants in common. It was determined by the court below that the order of the pro-

bate court was erroneous in setting apart all the property in controversy as a homestead, and the district court limited the homestead to lots five, six, seven and eight, and directed that the balance of the property included in the order of the probate court be partitioned in accordance with the respective interests of the parties. We have already determined that the court did not err in thus revising the order of the probate court and limiting the homestead, and it follows from what we have said that the balance of the common property was subject to partition.

We think the erroneous order of the probate court can not be invoked by appellants to protect them from liability to the cotenants of appellant M. F. Linch, for their proportion of rents collected by her from the common property, other than the homestead, or to protect her from liability to them for their just proportion of the value of the use and occupation of so much of the common property, not the homestead, as she had held and enjoyed the exclusive use of. (Osborne v. Osborne, 62 Texas, 498.)

We think the fact that appellees W. A. and Charles T. Broad may have been minors for a part of the time for which they recovered against appellants for rents collected from, and for the value of the use of, the common property not the homestead, can make no difference as to their rights; their minority made them none the less tenants in common with appellant M. F. Linch. We know no rule of law that makes any distinction between the rights of minor tenants in common and the rights of adult tenants in common, and we conclude that the court did not err in rendering judgment for appellees W. A. and Charles T. Broad for their proportions of rents collected from, and the value of the use of, the common property not the homestead, used and enjoyed exclusively by appellant M. F. Linch.

It is insisted in behalf of the minor appellees, under proper assignments of error, that the court erred in refusing to render judgment for T. Broad, guardian for the three minors, Jennie E., John W. and Thomas J. Broad, for their respective proportions of the rent of the common property not embraced in the homestead, and we are asked to reverse the judgment as to them, and render here such judgment as should have been rendered by the court below.

7

For the reasons already stated in this opinion, we think the rights of the minor appellees are the same as the rights of the adult appellees, and that the court below should have rendered judgment for the minors as well as the adults. If their cotenant, the appellant M. F. Linch, had expended money on account of the common property, or for the maintenance and tuition of appellees, she should have set up such claims in this suit, and plead such disbursements as set off against appellees' claim for rent.

As there appears to be no controversy as to the amount of rent collected by appellant, nor as to the value of the use of the common property other than the homestead, occupied and used exclusively by appellant M. F. Linch, we are of opinion that the judgment of the court below should be reversed as to the minor appellees, Jennie E., John W. and Thomas J. Broad, and here rendered in favor of Thomas Broad, as guardian for said minors, and against appellants, for eleven thousand one hundred and fifty-four dollars and forty-eight cents, being three thousand seven hundred and eighteen dollars and sixty-six cents for each of said minors, with legal interest thereon from November 13, 1885, the date of the judgment below, to be paid out of the separate estate of appellant M. F. Linch; and that in all other respects the judgment of the court below should be affirmed.

*Reformed and affirmed.*