Texas Land and Loan Company et al. v. Estate of William Duno-
vant et al.

Decided March 27, 1905.

1.—Administration—Order of Sale—Notice.

Where an administrator applied to the Probate Court for an order to
sell the lands of the estate to pay debts, creditors of the estate who appeared
and protested generally against the order did not thereby waive their right
to attack its validity on appeal on the ground that statutory notice of the
application was not given.

2.—Same—Recital of Notice in Judgment.

A recital in the order and judgment directing the administrator to sell
lands, that notice was given as required by the statute, is evidence of such
notice only when the attack upon the judgment is collateral, and not in case
of an appeal from the judgment.

3.—Same—Showing Necessity for Sale—Objection not Made Below.

A failure of the creditors who opposed the granting of the order of sale
to urge objections below on the ground that there was no evidence showing
a necessity for the sale, did not preclude them from urging such objection
on appeal.

4.—Same—Necessity for Sale not Shown.

Evidence that the estate was insolvent, while sufficient to authorize a sale
of its lands to pay debts, did not authorize an order to sell the lands in bulk.

5.—Same—Lien Creditors—Rights as to Sale.

The fact that certain creditors severally held liens on given tracts of land
and that these were ordered to be sold separately in satisfaction of their liens,
did not affect their right to insist that the order of sale should be regular
and valid as to the remaining lands, since, for any balance of their debts that
might remain unsatisfied, they would be entitled to participate pro rata with the
general creditors in any surplus proceeds from the sale of the other lands and
illegalities in the sale would lessen the price such lands might bring.

6.—Same—Irregularities not Vitiating.

A failure in the application to sell lands to show the estimated expenses
of administration and to give a list of all the property on hand liable for the
payment of claims, as required by the statute, could only be taken advantage of
by exceptions made at the proper time, these requirements being merely di-
rectory.    Rev. Stats., art. 2123.

Appeal from the District Court of Colorado.    Tried below before Hon.
M. Kennon.

*Terry, Cavin & Mills,* for Texas Land and Loan Co.

*William H. Wilson, A. L. Jackson* and *Joe H. Eagle,* for Planters' and
Mechanics' National Bank.

*Adkins & Green* and *McCormick & Brown,* for appellees.

PLEASANTS, Associate Justice.—This appeal is from a judg-
ment of the District Court ordering the sale, upon the application of the
administrators, of all the lands belonging to the estate of William Duno-
vant, deceased.    The application presented by the administrators to the

County Court asked for an order directing them to sell all the lands of the estate at private or public sale, either for cash or on credit, and in separate tracts or as a whole, as might be deemed to the best interest of the estate.

The appellant Texas Land and Loan Company, a lien creditor of the estate, filed in the County Court its objections to the granting of an order authorizing the sale of the lands in bulk. Upon a hearing, the County Court granted the order asked for by the administrators. After the order had been granted the appellant Planters' and Mechanics' National Bank filed a motion to vacate same, setting up that it was a lien creditor of the estate, and objecting to the order upon the grounds, among others, that proper notice of the application had not been given and that the sale of the lands in bulk was unauthorized. This motion was refused, and both appellants appealed to the District Court. The two appeals were consolidated in that court, and tried there *de novo* as one cause. There were other parties to the proceedings in both the County and District Courts, but they have not appealed from the judgment, and the nature of their claims are not shown by the record.

R. E. Stafford & Company, who are also lien creditors, intervened in the District Court, and objected to the sale of the land on which they held a lien unless it was sold separately from the other lands of the estate. The trial in the District Court resulted in a judgment ordering the sale of the lands, upon the application of the administrators, but directing that the lands upon which appellants and R. E. Stafford & Company held liens be sold separately, and the proceeds of such sales be kept separate and be paid upon the respective claims of said parties in due course of administration.

It is unnecessary for us to notice in detail all of the assignments of error presented by appellants, and we shall discuss only those which, in our opinion, require a reversal. Counsel for appellees do not seriously question the validity of most of the objections to the order of sale made by appellants, but insist that, because these objections were not made in the court below, they can not avail appellants in this court.

It may be that this rule can be properly invoked against appellants' attack upon the application for the order of sale, because of its informalities, but it does not preclude them from objecting to the order on the grounds that the record fails to show that notice of the application was given, as required by law, and that there is no evidence showing any necessity for the sale or authorizing the court to order the sale in bulk of all the lands except those upon which appellants have liens. Appellants were not required to either plead or prove the want of notice, or that there was no necessity for the sale, but it devolved upon appellees to establish both of these facts. Unless notice of the application and a necessity for the sale were shown, the trial court was not authorized to make the order. The trial being to the court, no motion for a new trial was required to be made, and therefore the rule that precludes an appellant from raising a fact issue on appeal, which was not raised in the motion for a new trial, has no application.

It is clear, we think, that the general rule that the appearance and answer of a defendant is a waiver of citation is not applicable to pro-

ceedings of this character. The notice required by the statute, is not directed to any particular person, but must be given in such public manner as to charge the world with notice, and, unless so given, the court has no authority to order the sale of the property. The appellant, having knowledge of the fact that the application had been filed, could, therefore, appear and protest generally against the order, without waiving its right to attach its validity on the ground that the evidence failed to show that statutory notice of the application had been given.

The record fails to show that any notice was given of the application. The order of the County Court and the judgment of the District Court both recite that notice was given as required by the statute, but such recital can only be taken as evidence of the fact stated when the attack upon the judgment is collateral.

While it is true that, in the absence of a statement of facts, it will be conclusively presumed on appeal that all facts necessary to sustain the judgment of the court below were proven on the trial, this rule can not be applied in this case, because the record contains a statement of facts approved by the trial judge as containing all of the material facts proven on the trial. The only evidence contained in the statement of facts upon the issue as to the necessity of the sale or the propriety of ordering the sale of the lands in bulk is the following: "The administrators of said estate proved that the debts of said estate amounted to at least $450,000; that administration of the estate had been pending in the Probate Court of Colorado County since March 4, 1903, and that the estate inventoried $666,197.73."

Appellants' objections, filed in the County Court, contain an allegation that the estate is insolvent, and that all of the lands will not sell for enough to pay the preferred creditors. Granting that the showing that the estate was insolvent was sufficient proof of the necessity for a sale of lands for the purpose of paying the debts of the estate, it can not be held sufficient to authorize a bulk sale of the lands. The record shows that the estate owns a large quantity of land in Colorado County. The land company held a mortgage on 5,000 acres to secure its indebtedness, and the bank's debt was secured by mortgage on 1,700 acres. The remainder of the lands were mortgaged in separate parcels to various other creditors, all of said remainder being covered by mortgages. Appellants not only have the right to have the lands held by them sold under proper order of the court, but they have a potential interest in the other lands belonging to the estate, because, in event the lands covered by their liens should not sell for sufficient to pay their claims, for the balance of their indebtedness they would be entitled to participate pro rata with the general creditors in the distribution of any surplus proceeds arising from the sale of lands upon which other creditors held liens. It follows that they have the right to require that the sale of lands other than those upon which they hold liens should be properly and regularly ordered. Any informality in the proceedings would tend to lessen the price for which the lands would sell, and might thus injuriously affect appellants' interest.

The fact that appellants did not, in the court below, object to the sale in bulk of the property of the estate other than that upon which they held liens does not estop them from urging on appeal that there was no

evidence authorizing such sale. The application states no facts which would authorize the sale in bulk, but asks that such sale be permitted if it be found to the best interest of the estate. There was no exception to the application, and if appellees had introduced evidence showing that the interest of the estate would be subserved by ordering the sale in bulk, it may be that the court would have been authorized to make such order, but we can hardly conceive of a state of facts which would authorize such sale if any creditor objected thereto. It is apparent that, unless the value of the several parcels of land covered by the various mortgages were shown to be of equal value per acre, an equitable distribution of the proceeds of sale between the lien creditors could not be made with any degree of certainty.

As we have before intimated, the application for the order of sale does not comply with the statute. The exhibit attached to the application fails to show the estimated expenses of the administration, and does not purport to give a list of all the property on hand liable for the payment of the claims and charges against the estate. (Rev. Stats., art. 2123.) We do not mean to be understood as holding that the application, if not excepted to, would not support an order of sale made upon sufficient evidence of facts which would authorize it. It is well settled that these statutory requirements are directory, and we think it follows that their nonobservance could only be taken advantage of by exceptions made at the proper time. (Kleinecke v. Woodward, 42 Texas, 310.)

From what we have said, it follows that the judgment of the court ordering the sale must be reversed as to all of the lands, notwithstanding Stafford & Co. have not appealed.

The judgment disposing of the claims of the other parties to the proceedings, who have not appealed, will be undisturbed.

*Reversed and remanded.*