KATE S. WHITE v. E. F. HOLMES ET AL.

Decided May 31, 1910.

**1.—Will—Probate—Venue—Jurisdiction—Statute.**

Under the provisions of article 1843, Sayles' Civil Stats., the County Court of the county in which a decedent had his residence at the time of his death has jurisdiction to probate his will without regard to the situs of his property.  It is only necessary that the application for the probate of a will should state where the property of the deceased is situated when the deceased had no fixed domicile or residence and the will is sought to be probated in the county in which the principal part of his property is situated, under the provisions of subdivision 2 of article 1843, Sayles' Civ. Stats.

**2.—Same—Notice of Application—Presumption.**

In the absence of anything in the transcript showing that notice of an application to probate a will was not issued, or that notice issued was insufficient, the presumption should obtain in support of the judgment of the court acting upon the application that notice was issued and served in compliance with the statute, especially when the parties at interest appeared and answered in the courts below and raised no question concerning the notice.

**3.—Same—Rejection of Testimony—Harmless Error.**

Error in the exclusion of evidence in the County Court in a contest over the probate of a will, becomes harmless when the evidence is admitted upon appeal and trial de novo in the District Court.

**4.—Testimony—Mental Capacity.**

The issue being whether or not a testator had mental capacity to execute the will in question, an objection to the testimony of witnesses that it was opinion evidence can not be sustained when it appears in connection therewith that said witnesses had an intimate acquaintance with the testator, and detailed facts and circumstances which justified the expression of the witnesses' opinion that the testator was insane.

Error from the District Court of Newton County.  Tried below before Hon. W. B. Powell.

*Lanier & Martin, W. W. Blake,* and *A. L. Davis,* for plaintiff in error.—Both the County Court and the District Court were without jurisdiction to pass on the application to probate the will of Wil-

liam Smith, deceased, as the application to probate the will fails to allege that the deceased owned any property, real or personal, in Texas, and the proceedings being *in rem,* the judgment of both courts are void. Hearn v. Camp, 18 Texas, 551; Templeton v. Falls Land & Cattle Co., 77 Texas, 58; Steele v. Remm, 50 Texas, 479, 480; Orr v. O'Brien, 55 Texas, 156.

When the application to probate a written will is filed, the proceedings being *in rem* it is the duty of the clerk of the County Court to issue a citation to all parties interested in the estate, and there not having been any citation issued on the application in conformity with the statute, the entire proceedings in the County Court as well as in the District Court are void. Rev. Stats., Texas, 1889; Beeks v. Odom, 70 Texas, 186; Finch v. Edmonson, 9 Texas, 503; Munson v. Newson, 9 Texas, 111, 112; Texas Probate Guide, (Herron) p. 48; Glass v. Smith, 66 Texas, 548; Fleming v. Nall, 1 Texas, 249; Horan v. Wahrenberger, 9 Texas, 313; Morris v. Halbert, 36 Texas, 19; Foster v. Andrews, 4 Texas Civ. App., 429; 12 Am & Eng. Enc. Pl. & Prac., 174; Freeman on Void Judicial Sales, sec. 4.

*Geo. E. Holland* and *V. H. Stark* for defendants in error.—The petition filed by plaintiff in error in the County Court to probate the will sufficiently alleges jurisdictional facts and gave that court jurisdiction.    Sayles Civil Stats. 1897, arts. 1843, 1884; Lewis v. Ames, 44 Texas, 319; Brockenborough v. Melton, 55 Texas, 495.

PLEASANTS, Chief Justice.—The judgment from which the writ of error is prosecuted was rendered by the District Court of Newton County on appeal to said court by plaintiff in error from a judgment of the County Court of said county refusing to probate a will offered for probate by plaintiff in error as the last will and testament of William Smith, deceased. Defendant in error, E. F. Holmes, as temporary administrator of the estate of said Smith and individually as an heir of said Smith, joined by the remaining heirs of Smith, who are parties defendant in this writ of error, contested the probate of said will on the grounds of forgery and of mental incapacity of the testator.

The trial in the court below with a jury resulted in a verdict and judgment in favor of contestants.

The evidence is sufficient to sustain the finding of the jury in favor of the defendants on both of the grounds upon which they contested the probate of the purported will.

Smith resided in Newton County for a number of years prior to his death, which occurred in the Insane Asylum at Austin on March 12, 1906. The purported will was executed on June 20, 1894. A number of witnesses who were well acquainted with Smith testified that he was of unsound mind at and for several years prior to the date of said will. The opinions of these witnesses as to Smith's mental capacity were based upon conduct, statements and acts of said Smith detailed by the witnesses which were wholly inconsistent with those of a person of sound mind and amply justified the con-

clusion's of the witnesses that he was insane. He was sent to the Insane Asylum in December, 1894, and kept there for about four years, when he was released and returned to his home, but in a few weeks he was re-arrested and confined in jail for some months as a lunatic, and then returned to the asylum, where he remained until his death. At the time of his death he owned considerable property in Newton County.

Several witnesses who were well acquainted with the handwriting of Smith testified that the instrument purporting to be his will and which was alleged to have been written by him, was not his handwriting.

Plaintiff's first assignment of error assails the judgment on the ground that the application for the probate of the will fails to allege facts necessary to confer jurisdiction upon the County Court of Newton County to hear said application, and upon the further ground that notice of said application was not issued as required by the statute. The application for the probate of the will is as follows:

"The State of Texas,    In the Estate of William Smith, Deceased.
County of Newton.      County Court, June Term, 1906.

"To the Honorable County Court of said County: Mrs. Kate S. White shows that William Smith died on the 15th day of March, 1906, at Austin, in Travis County, Texas, leaving real and presonal property of the estimated value of $10,000, and a will duly executed as petitioner believes; that said William Smith at the time of his death resided in the county of Newton, but was temporarily in Austin, Texas. That your petitioner was named executrix in said will, and is capable of receiving letters testamentary; wherefore she prays that notice of this application be given by citation duly posted, and that said will be probated, and for letters testamentary.

W. W. Blake,
Attorney for Petitioner."

It is contended by plaintiff that this application is fatally defective and all proceedings had thereon are void because it fails to allege that the deceased at the time of his death owned any property in the State of Texas. There is no merit in this contention. Article 1843, Sayles Civil Statutes, confers upon the County Court of the county in which the deceased had his residence at the time of his death jurisdiction to probate the will of such deceased person. The application in this case, above set out, alleges that Smith had his residence in the county of Newton at the time of his death. This was sufficient to show jurisdiction in the County Court of said county to hear said application. Article 1884 of said statutes, which prescribes the requisites of an application for the probate of a will, does not require that such application shall state where the property of the deceased is situated, and it is only necessary to do this when the deceased had no fixed domicile or residence, and the will, under the second subdivision of article 1843, *supra,* is

sought to be probated in the county in which the principal part of his property is situate.

The contention that notice of the application was not given as required by the statute, is not borne out by the record. No copy of notice or citation appears in the transcript. In the absence of anything in the transcript showing that notice was not issued, or that the notice issued was insufficient, the presumption should obtain in support of the judgment of the court below that notice was issued and served in compliance with the statute. The heirs of William Smith appeared and answered in the County Court and on the trial *de novo* in the District Court, and no question of the sufficiency of the notice issued and served appears to have been raised in either trial. The fact that no question was raised in the trial court as to the sufficiency of the notice issued and served upon the application for the probate of the will, easily distinguishes this case from the case of Texas Land & Loan Co. v. Dunovant's Estate, 38 Texas Civ. App., 560, (87 S. W., 208.)

Our conclusions of fact before set out dispose of the second assignment of error, which complains of the verdict on the ground that it is against the great weight and preponderance of the evidence. The evidence is not only amply sufficient to sustain the verdict, but as it appears to us the verdict is supported by the preponderance of the evidence.

There is no merit in the third assignment of error which complains of the refusal of the trial court to admit in evidence the affidavit of J. C. Marshall made and filed in the County Court in support of plaintiff's application for the probate of the instrument offered as the last will of William Smith, deceased. The witness, Marshall, was in attendance upon and testified on the trial in the District Court and if there was any error in refusing to permit plaintiff to introduce the written affidavit made by him on the trial in the County Court such error was harmless.

The fourth, fifth, ninth, twelfth, fourteenth, sixteenth and seventeenth assignments of error are not followed by a sufficient statement from the record to entitle them to consideration. We have, however, considered each of these assignments and have examined the portions of the record containing the matters complained of and in our opinion none of said assignments show any error prejudicial to plaintiff. The witnesses whose testimony. is complained of by said assignments on the ground that it was opinion evidence, each testified to his intimate acquaintance with William Smith and detailed facts and circumstances which justified the expression of the witness' opinion that said Smith was insane at the date of the execution of the purported will. The answers of the witnesses to questions objected to as leading, were not material and if the trial court erred in overruling such objection no harm resulted to plaintiff.

None of the assignments presented by the plaintiff show any error which would authorize a reversal of the judgment of the court below, and it is ordered that said judgment be affirmed.

*Affirmed.*

Writ of error refused.