**Dorothea Sims TORBETT, Guardian, Appellant,**

v.

**C. A. McCOY, Administrator, Appellee.**

No. 4088.

Court of Civil Appeals of Texas.

Waco.

March 14, 1963.

Rehearing Denied March 28, 1963.

Robert G. Carter, Marlin, for appellant.

Robert D. Peterson, Reagan & Welch, Marlin, for appellee.

WILSON, Justice.

The probate court approved the final account of an administrator with will annexed and ordered sale of realty, determined to be incapable of partition in kind, with distribution of proceeds to the guardian of the estate of a minor and another. The order was dated June 13, 1962. The guardian excepted to the partition order and filed no-tice of appeal to the District Court. The latter court dismissed the appeal on administrator's motion asserting the guardian had filed no appeal bond, and his plea in abatement urging that the guardian had filed no pleading, objection or exception in the probate court challenging the order. The guardian appeals from the order of dismissal.

Appellee cites authorities decided before Section 29, Probate Code, Vernon's Ann. Tex.Stats. became effective, which held a guardian could not appeal without a bond from decisions of the probate court arising out of administration proceedings other than guardianships. These decisions construed Art. 3700, Vernon's Ann.Tex.Stats., which provided for appeals without bond only by an executor or administrator, and Art. 4318 which concerned only appeals without bond in guardianship matters.

Both Art. 3700 and Art. 4318 were repealed prior to the present proceedings, and Probate Code Sec. 29, then effective, added guardians to the classes of representatives of whom no bond should be required. The application of Sec. 29 was not restricted to guardianship proceedings, and it became applicable to such appeals as this. No appeal bond was required of the guardian in the appeal to the District Court.

The plea in abatement did not authorize dismissal. See Linch v. Broad, 70 Tex. 92, 6 S.W. 751, 754; Beversdorff v. Dienger, 107 Tex. 88, 174 S.W. 576; Texas Land & Loan Co. v. Dunovant's Est., 38 Tex.Civ.App. 560, 87 S.W. 208, 209.

Appellee's motion to dismiss the appeal to this court because no appeal bond or affidavit in lieu thereof was filed is overruled. Art. 2276, Vernon's Ann.Tex.Stats. provides guardians shall not be required to give bond on appeals taken by them, as here, in a fiduciary capacity. King v. Payne, 156 Tex. 105, 292 S.W.2d 331, 335.

The judgment is reversed; the cause is remanded and ordered reinstated.