**VALLEY BANK OF NEVADA,**
**Plaintiff,**

v.

**Clyde E. SKEEN and wife, Helen M. Skeen, Defendants.**

**Civ. A. No. CA–3–74–330–D.**

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 24, 1975.

Thomas W. Luce, III, Dallas, Tex., for plaintiff.

Henry D. Akin, Jr., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

Came on for consideration before the Honorable Robert M. Hill, United States District Judge, this action to enforce a judgment Valley Bank of Nevada, plaintiff, obtained against Clyde E. Skeen and wife, Helen M. Skeen, defendants, in this court on December 7, 1973. The parties have submitted the case to the court on the basis of stipulated facts and briefs. The questions presented concern the application of the Texas Homestead law. The parties have stipulated that prior to the entry of the judgment in favor of the plaintiff the defendants had designated certain real property they owned as their homestead and at the time of such designation the property, without improvements, had a value of $13,000 and at the present time the property, without improvements, has a value of $40,000.

The first question presented is the proper formula to be applied to determine the portion of the property that is not protected by the Texas Homestead provisions. The parties have agreed that the formula should be

$$\frac{\text{Excess amount over the exemption}}{\substack{\text{Value at time property was}\\\text{designated homestead}}} \quad X \quad \text{Present Value}$$

The parties disagree only as to the applicable statutory exemption.

The statutory exemption at the time the homestead was designated was $5,000. In 1970, however, the exemption was raised to $10,000. Texas voters finalized enactment of the exemption just one month before plaintiff obtained the judgment upon which it sues in this case. The plaintiff urges that the proper

figure is the $5,000 exemption in effect when the homestead was designated and that it is entitled to recover 9/13 of the present value of the property. Defendants urge the $10,000 exemption in effect when the judgment arose in this case is the proper figure and that plaintiff is entitled to recover only 3/13 of the present value of the property. The court is of the opinion that the $5,000 figure which was the exemption in effect when this property was designated a homestead must govern.

The only authority brought to the court's attention concerning this question is *Linch, et al. v. Broad, et al.*, 70 Tex. 92, 6 S.W. 751 (1888). The Supreme Court there affirmed the lower court's determination that the statutory exemption at the time of homestead designation controlled. The homestead designation had been made in 1859 at a time when the appellants' property was worth $4,000 and the exemption was $2,000. In 1876 the exemption was raised to $5,000, at which time the value of the property approached $20,000. The court refused to apply the $5,000 exemption to the earlier valuation. The court reasoned "The provision of the present constitution enlarging the homestead exemption cannot be given a retroactive application . . . so as to embrace in 1877 all property which in 1859 did not exceed in value the enlarged exemption prescribed by the constitution of 1876, without regard to value in 1877."

The defendants admit that the statute cannot be construed so as to have a retrospective effect; however, they fall back on the argument that there is no such effect if the obligation arose after the statutory change. The defendants' proposed rule would introduce complications and anomalies into the determination of homestead rights. If the court were to accept the defendants' proposed construction, all homestead disputes would require a judicial determination of when the obligation arose, a sometimes difficult and time-consuming determination. Also, the anomalous situation would arise in which the homestead was subject to some claims but not others, depending upon when this claim arose. The court finds no evidence the legislature intended such a rule. If the court were to determine the ratio on the basis of the statutory figure in existence at the time the obligation arose, it would seem appropriate to also consider the value of the property as of that time.

■ The second issue presented to the court is the proper procedure for allowing the plaintiff to recover the excess value over the homestead protection. The defendants argue that the court can only order a sale of an undivided interest in the property. Although the courts favor allowing a defendant to pay the excess value without resorting to sale of the entire property and division of the proceeds, (*Love v. Hoffman*, 494 S.W.2d 591 (Tex.Civ.App. Dallas 1973), the court is empowered to order the latter procedure if a defendant is unable to make up the deficiency. *Whiteman v. Burkey*, 115 Tex. 400, 282 S.W. 788 (1926).

It is, therefore, ordered and adjudged that plaintiff Valley Bank of Nevada recover of the defendants Clyde E. Skeen and Helen M. Skeen 8/13 of $40,000 or $24,615.38, to be paid within sixty (60) days of this order, plus legal interest and costs of action. If this amount is not paid within this time the court will order a sale of the property and an appropriate division of the proceeds.