**DALLAS POWER & LIGHT COMPANY, Appellant,**

v.

**Richard F. LOOMIS, Jr., Individually and d/b/a Roselawn Apartments and Loomis and Son Apartments, Appellee.**

**No. 05–83–00559–CV.**

Court of Appeals of Texas, Dallas,

June 1, 1984.

Rehearing Denied June 27, 1984.

---

Harold K. Tummel, G.A. Engelland, Dallas, for appellant.

F. Ward Steinbach, Michael S. Copeland, Dallas, for appellee.

Before STOREY, WHITHAM and SHUMPERT, JJ.

STOREY, Justice.

Dallas Power and Light Company sued Richard F. Loomis seeking to subject his homestead to satisfaction of a judgment. Loomis' homestead was designated in 1954 at a time when, as found by the trial court, its value exclusive of improvements was "$10,000 or less but more than $5,000" and the constitutional exemption was $5,000. TEX. CONST. art. XVI, § 51 (1876, amended 1970). D.P. & L.'s judgment was obtained in 1981 at a time when the constitutional exemption was $10,000. TEX. CONST. art. XVI, § 51 (1973, amended 1983). D.P. & L. has appealed the trial court judgment denying its recovery against the excess value in the homestead as it existed in 1954, that is, the value in excess of $5,000. The question presented is whether a homestead claimant is entitled to a constitutionally granted increase in the homestead exemption as against a creditor whose rights arose after the increase; or conversely, whether a creditor whose rights arose after an increase in the constitutional exemption may hold the homestead exemption to the lesser amount afforded at the time of designation. We hold that the greater exemption applies. Accordingly, we affirm the trial court's judgment.

The homestead exemption question has been considered by Texas courts in various forms on many occasions. Except for two federal court cases, however, we are unaware of any Texas court addressing the precise question before us. The controlling constitutional provision is TEX. CONST. art. XVI, § 51 which, in 1954, provided in part that the homestead in a city shall consist of a lot or lots "not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon." By constitutional amendment adopted in 1970, the amount of the exemption was increased to "Ten Thousand Dollars, at the time of their designation." Here, the trial court concluded that the Loomis homestead is exempt from forced sale for satisfaction of D.P. & L.'s judgment because its value in 1954, exclusive of improvements, did not exceed $10,000.

D.P. & L. attacks the court's conclusion on the ground that "at the time of designation" in 1954 the exemption was $5,000 and to apply the $10,000 exemption would make the 1970 constitutional amendment retroactive. We agree with this assessment. We hold, however, that the 1970 constitutional provision is, and by its framers and adoptors was intended to be, retroactive with respect to judgment liens attaching after its effective date.

We read the phrase "at the time of designation" to mean precisely what it says. Had the framers and adoptors intended otherwise, the amended provision could easily have recited that it applied only to those homesteads designated after the adoption of the amended provision; or, alternatively, could have excepted from its application all those designated before adoption. Either of these alternatives would lead to an incongruous result—immediately upon adoption of the constitutional amendment, all of those homesteads previously designated would, arguably, have no exemption at all, or, alternatively, the vast majority of homestead claimants

would enjoy one constitutional right, while the remainder would enjoy another.

We note that the framers of the 1983 amendment to section 51 recognized the problems which might have existed. The amendment was proposed by House Joint Resolution Number 105. Section 2 of H.J.R. 105 provides that: "This amendment applies to all homesteads in this state, including homesteads acquired before the adoption of this amendment." We consider this language to be implicit in all earlier constitutional amendments which contained the phrase "at the time of designation."

In support of its contention, D.P. & L. relies upon *Linch v. Broad,* 70 Tex. 92, 6 S.W. 751 (1888); *Valley Bank of Nevada v. Skeen,* 401 F.Supp. 139 (N.D.Tex.1975); *Abramson v. Bobbitt,* 3 B.R. 372 (D.C.N.D. Tex.), *aff'd mem.* 532 F.2d 185 (5th Cir.), *cert. denied* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); and *Steenland v. Texas Commerce Bank,* 648 S.W.2d 387 (Tex. App.-Tyler 1983, writ ref'd n.r.e.). *Valley Bank* and *Abramson* stand squarely for the position here asserted by D.P. & L. We are persuaded, however, that the holdings in those two cases resulted from a misreading of *Linch v. Broad,* upon which the trial court relied.

In *Linch,* the homestead claimant sought to take advantage of an amendment enlarging the *dollar amount* of the homestead exemption by relating it back to the time of designation so as to enlarge the *area* of the homestead as earlier designated. There, as originally designated, and at all times later, the claimant used and occupied as a homestead four city lots which had a value equal to the full exemption at that time. The court refused to allow the claimant to "redesignate" the homestead to include also two adjacent lots. We do not consider our holding here to be in conflict with *Linch* because we do not hold that the 1970 amendment permits enlargement of the area claimed as homestead. Consequently, we decline to follow the rulings in *Valley Bank* and *Abramson.*

Similarly, our holding is not in conflict with the holding in *Steenland v. Texas Commerce Bank.* That case was not concerned with the increase in exemption provided by the 1970 amendment. In reversing, however, the writer was constrained to instruct the trial court in applying the allocation formula set forth in *Hoffman v. Love,* 494 S.W.2d 591 (Tex.Civ.App.-Dallas), *writ ref'd n.r.e. per curiam,* 499 S.W.2d 295 (Tex.1973). In a footnote, the writer posed the formula consistent with the federal district court's ruling in *Valley Bank v. Skeen.* As noted, our holding is not in conflict; however, insofar as the opinion in *Steenland* may be construed otherwise, we decline to follow it.

█ Finally, although not cited to us, our research has led us to *Wilder v. McConnell,* 91 Tex. 600, 45 S.W. 145 (1898) and *Boerner v. Cicero-Smith Lumber Co.,* 298 S.W. 545 (Tex.Comm'n App.1927, judgmt adopted). In *Wilder* the question was whether the homestead was rural, which it was at the time of designation, or urban, which it was at the time of trial. The supreme court stated 45 S.W. at page 147, "the extent of the exemption must be determined by the terms of *the constitution applicable to it in its condition when the question arose.*" [Emphasis added.] This would appear to be a straightforward statement. However, in *Boerner* the Commission of Appeals stated:

> We are also inclined to view that the Court of Civil Appeals misconstrued the effect of the language in *Wilder v. McConnell* ... as authority for its holding that the value of the property ... was to be considered in determining the extent of the exemption in 1923 rather than in 1918 when the property was designated as a homestead.

298 S.W. at 547. While we are inclined to the view which seems to be expressed in *Wilder,* we point out that in both cases the quoted language was dicta. Accordingly, we hold that, here, the trial court was correct in applying the $10,000 exemption.

Our holding also disposes of D.P. & L.'s complaint concerning the trial court's refusal to find the specific value of Loomis' homestead at the time of designation.

**312**

Having found that the value at designation "did not exceed $10,000," a finding of specific value was unnecessary. It follows also that the court did not err in ordering that title be quieted in Loomis.

 Additionally, D.P. & L. complains of the trial court's refusal to award it attorneys' fees under TEX.REV.CIV.STAT. ANN. art. 3827a (Vernon Supp.1984). The court's refusal to award attorney's fees was apparently based upon its conclusion that D.P. & L. recovered nothing by its suit. This the court was authorized to do. *See Reames v. Reames,* 604 S.W.2d 335, 337 (Tex.Civ.App.-Dallas 1980, no writ); TEX.R.CIV.P. 131, 141. D.P. & L. failed in its attempt to subject a part of the homestead to its debt. In addition, it sought to subject an interest in a Rolls-Royce automobile. While Loomis was in possession of the automobile, the court found that its title was in Mirabeau Oil Company, a corporation formerly owned by Loomis. The court ordered turnover of the automobile subject to the rights of the true owner and other parties at interest. Under these circumstances, any rights D.P. & L. might assert to the automobile were at best speculative, and we cannot say that the trial court erred in refusing the award of attorney's fees.

Affirmed.