Norris v. Duncan.

### Allen Norris v. Foster H. Duncan.

Where land belonged to, and was part of the homestead of a deceased person, and was disposed of illegally, for instance by the husband without the consent of the wife, heirs have rights therein apart from any which they might claim through an administrator, and may maintain an action concerning it.

Where an order of the County Court decreed a title, to be executed by the administrator, under Art. 1162, (Hart. Dig.,) to one hundred acres of land belonging to the homestead of the deceased, upon proof of a verbal sale by the husband without the consent of his wife of seventy-five acres, and the wife, as administratrix of her husband, made the title, the heirs after the death of the wife may maintain an action to revise such order.

The provision in Art. 1162, (Hart. Dig.,) contemplates a case only where the decedent had executed a bond for title.

Error from Rusk. Tried below before Hon. C. A. Frazer. Facts stated in Opinion.

*N. G. Bagley,* for plaintiff in error, cited Miller v. Miller, (10 Tex. R. 319 ;) Edmonson v. Finch, (9 Tex. R. 504 ;) Neill v. Keese, (5 Tex. R. 23.)

Roberts, J.   An order of the County Court of Rusk county was obtained upon the petition of Duncan, requiring Parmelia Reel, administratrix of the estate of Alfred Reel, deceased, to make title to said Duncan for one hundred acres of land, alleged to have been sold and partly paid for in the life-time of said Alfred. The record of the County Court shows that the order was obtained upon the proof of a bond given to one Daugherty, by said Alfred, for seventy-five acres, which was held by Duncan, and a verbal agreement between said Alfred

and Duncan for twenty-five acres more of the same tract of land, and a part payment of the purchase money as agreed on. Norris, guardian of the minor heirs of said Alfred and Amelia, filed a petition in the District Court which shows, in addition to the above facts, that Parmelia Reel executed a title in pursuance to said order, and that she has since died ; that the said one hundred acres of land was a part of the homestead of Alfred and Amelia Reel at the time of its sale ; that said Amelia did not join in the sale with her husband, nor was her private acknowledgment thereto ever obtained, and that said agreement of sale was not in writing.

The petition prays a *certiorari* to remove the proceedings from the County Court to revise and correct said order. An amendment is made stating that Duncan has been and is in possession of the land and has received the rents and profits, &c., and prays for a judgment for the same and for a writ of possession.

The order sought to be revised was made at the August Term, 1849, of the County Court, and the petition in this case to obtain a writ of *certiorari* was filed in the District Court of said county on 23rd day of November, 1854. There were general and special exceptions to the petition, as well as general and special pleas in bar.

The Court below dismissed the *certiorari* "for want of juris-diction," and rendered a judgment for costs against Norris ; which is assigned as error.

This is a proceeding to revise a judgment of the County Court and not one collaterally attacking it.

The law under which Duncan filed his petition in the County Court, to obtain a title to the tract of one hundred acres of land, contemplates a case only where the decedent had exe-cuted a bond for title. (Hart. Dig. Art. 1162.) It did not therefore apply to all the land in this case, for the petition of Duncan, upon which the order is founded, shows that there

were twenty-five acres of the land for which there was no bond or even any memorandum in writing of any kind. It was not shown that the bond given to Daugherty for seventy-five acres of the land was assigned in writing. Whether this was necessary or not we do not decide now, as it is not necessary and as it has not been argued.

This remedy, by *certiorari*, to revise proceedings ·in the County Court is limited to two years, " saving to persons *non compos mentis*, infants and *femes covert* two years after their respective disabilities shall be removed." · (Hart. Dig. Art. 809.) A like reservation is also contained in the article giving the remedy on a bond to obtain a title from the administrator. (Art. 1162.)

From this it would appear that the rights of these minors, as presented by the petition, have not been lost, and that they are not barred from maintaining this suit. The petition states that the estate of Alfred Reel is still under administration.

But according to the facts stated in the petition, this land belonged to and was part of the homestead of said Alfred not legally disposed of, and in that event these minors have rights therein apart from those which they might claim through any ·administrator ; and the law gives to " any person interested " this remedy by *certiorari* to revise the proceedings of the County Court affecting such interest. (Hart. Dig. Art. 807.)

The equitable defence set up by defendant below (Duncan) that he went into possession under the verbal contract, made valuable improvements, and paid most of the purchase money, &c., we will not consider as they have not been presented in argument and was not decided below. We see no objection to the amendment of plaintiff in seeking to recover possession and for rents, if he is entitled to the land upon final decree ; as by that means the whole matters in controversy may be settled in the same suit.

What we now decide is, that the plaintiff, in behalf of the minors, having shown an interest in the land as the homestead

of their deceased parent, he has a right to maintain this action for them. Had the administrator been a party they might have had a more general interest to protect in this suit than that involved in their right to the homestead. It would then have been analagous, as respects the remedy, to the case of Todd *et al.* v. Caldwell *et al.*, in which the widow and minor heirs of the deceased brought a suit of this kind against the administrator and purchaser, and had the order of the County Court set aside, which had been improperly made under color of legal authority, and by which the estate had been divested of a large tract of land to its prejudice. (10 Tex. R. 236.)

Judgment is reversed and cause remanded for further proceedings.

Reversed and remanded.