Walker, J., did not sit in this case.

---

## J. A. TINDAL, ADMINISTRATOR, ETC., v. JOHN McMILLAN.

1. Orders of a probate court in the course of the administration of an estate, and before the final settlement and discharge of the administrator, were in the nature of interlocutory decrees ; and the statute of limitations, prescribing the time within which suits for revision of such orders must be brought, did not begin to run until the final settlement and discharge of the administrator. (Paschal's Digest, Article 1382.)

APPEAL from Henderson. Tried below before the Hon. Samuel L. Earle.

The appellant was administrator of John Tindal, deceased, who was administrator of the estate of Alexander McMillan, deceased, of whose estate the appellee was a distributee.

John Tindal made a final settlement of McMillan's estate in 1859. The present suit was brought in 1860, in the district court, to revise that final settlement, and also sundry particular allowances to Tindal as administrator, made by orders of the probate court as early as 1856.

Exceptions were taken to the petition because it showed on its face that the orders sought to be revised had been made by the probate court more than two years, and some of them more than four years, before the institution of this suit.

The exceptions were overruled. The statute being also relied upon, by way of answer, the jury were instructed by the court that it commenced to run only from the final settlement of the estate. The defendant duly excepted to these rulings of the court.

The jury found a verdict of upwards of $700 for the plaintiff; a new trial was refused, and the defendant appealed.

*Thomas B. Greenwood,* for the appellant.—It is respectfully contended, before this court, that the district court erred in overruling the special exception of appellant to that portion of appellee's petition, wherein he proposed to correct, revise and review the order of the Probate Court of Henderson county, rendered at the January term, 1856, in favor of appellant's intestate, for the sum of six hundred dollars; and I submit the point to this court upon the following authorities, to-wit: Jones on Limitations, page 180; Martel v. Somers, 26 Texas, page 551, wherein it was announced by the court, as a principle of universal application, that the statute of limitations begins to run when the cause of action accrues. See the case of Birdwell v. Kaufman, 25 Texas, page 189, as to time when an action accrues as to any judgment, order or decree of the probate court of this State. I refer to same

authorities to show that the district judge erred in his charge to the jury in this case, on the law of limitations. The district judge seemed to be under the impression that appellee only proposed to correct and revise accounts for final settlement, notwithstanding the pleadings of appellee and his prayer for judgment, referred directly and specifically to order and judgment of the probate court of date January, A. D. 1856, and called for the correction of the same. It is contended by me, and the doctrine has been repeatedly asserted by this court, that a probate judge cannot review and set aside his own final orders. (See Neill v. Hodge, 5 Tex., 487.) If a probate judge cannot set aside or review his own final orders, in what manner is it to be supposed that one probate judge, succeeding another, is to deal with the judgments of his predecessor in office? Yet it seems to have been the opinion of the honorable judge who decided this cause, that the order passed by the probate judge at the January term, 1856, of the Probate Court of Henderson county, was not final till the probate judge who succeeded him passed an order in the year 1859, approving the account for final settlement, in which account for final settlement the intestate of appellant merely refers to the previous order and judgment of the probate judge in his favor as his voucher, and upon which said judgment the probate court, in its order approving account for final settlement, did not pretend to impart any sort of vitality.

*Robertson & Herndon*, for the appellee, suggested delay.

DENISON, J.—This was a suit brought by the distributees of an estate against an administrator, to recover the balance of the shares due them, and to have the orders and decrees of the probate court revised and corrected.

The principal question of law raised by the assignment of errors is as to the statute of limitations, whether the statute commences to run upon the individual orders of the probate court, from the

time such orders are made in the progress of the administration; or does it commence to run from the date of final settlement?

The orders of the probate court, before the final settlement and discharge of the administrator, are in the nature of interlocutory decrees, and the statute does not run until after such final settlement and discharge.

There appears to be no error in this case that would warrant an interference with the verdict, or a reversal of the judgment.

The judgment is affirmed.

Affirmed.