### CALVIN LYNCH v. J. T. POLLARD.

Decided April 27, 1901.

**Attorney Fee—Void Contract for—Collection of Claim Again Government.**

Where, after the act of Congress of March 3, 1891, fixing the maximum allowance for attorney fees for the collection of Indian depredation claims at 15 per cent, defendant, in order to secure the collection of a claim of that character, agreed in writing with plaintiff to give him 10 per cent of the amount that should be allowed by the Court of Claims, in addition to the 15 per cent which the court was to allow, such contract was void because in violation of the policy of the act of Congress which impliedly prohibits contracts for a larger amount than specified therein.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

*Martin & Martin* and *Theodore Mack,* for appellant.

*A. H. Culwell* and *J. E. B. Stewart,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee as assignee of Isaac R. Hitt to recover of appellant, for collecting his claim against the United States arising from Indian depredations, a sum equal to 10 per cent of the claim in addition to the sum allowed by the Court of Claims, and already received as attorney's fees.

March 9, 1898, appellant executed and delivered to Isaac R. Hitt a written instrument addressed to the Court of Claims at Washington, D. C., which authorized that court to give judgment in favor of Isaac R. Hitt, attorney in fact for appellant, for his fees and expenses in prosecuting appellant's claim for Indian depredations, No. 5240, for an amount equal to 15 per cent of what should be found to be due. At the same time and upon the same sheet of paper the following instrument, declared on in this suit, was executed:

"Mr. Isaac R. Hitt, 1419 Q St. N. W., Washington, D. C.:

"I hereby agree to pay you as my attorney in fact for your fees and expenses in prosecuting my claim for Indian depredations, No. 5240, an amount equal to 10 per cent of the judgment which the Court of Claims may render in my favor, and five dollars additional for printing. The same to be sent you as soon as I receive a draft from the United States treasury. This amount I agree to pay in addition to the 15 per cent which I have asked the court to allow to you, and for the full performance of this, I hereby bind myself, my heirs, administrators and assigns.

"In witness whereof I have hereunto set my hand and seal at Springtown, in the county of Parker, State of Texas, this 9th day of March, 1898.

(Signed)   "CALVIN LYNCH.   [Seal.]

"Witnesses:   (1)  H. L. Ward, (2)  J. W. Beard."

The services contemplated in this instrument said Hitt performed or caused to be performed, and judgment was rendered by the Court of Claims in appellant's favor for the amount of his claim, $4240, less the sum of $625 which was there allowed his attorney. Accordingly, in January, 1899, appellant received from the Treasurer of the United States the amount so recovered and consequently allowed him by the Interior Department, but because he refused to pay the additional attorney's fees, in the following November this suit was instituted, resulting in a judgment against him for $420, which rests upon findings of fact, the substance of which is given above.

Error is assigned to the judgment upon the ground that the contract declared on was made in violation of the Act of Congress of March 3, 1891, which fixed the maximum allowance for attorney's fees in the collection of this class of claims. To sustain this contention the following authorities are cited: Acts of Congress, March 3, 1891, chap. 538, p. 854; Tanner v. United States, 32 Ct. Claims Rep., 192; and Ball v. Halsell, 161 U. S., 72.

In the last case cited it was held that a contract made before the act was passed, in terms entitling the attorney to one-half the proceeds of the claim, was void, the act expressly so declaring. The other case cited was one in which a motion was made in the Court of Claims for leave to waive an allowance of fees to the attorneys, in order, as construed by the court, "to adjust the measure of their compensation either upon the basis of a contract already made or upon one to be made after the rendition of the judgment." The motion was denied, in what seems to be a well considered opinion by Judge Weldon, upon the ground that contracts made after the act was passed for fees and allowances to claimants' attorneys in excess of those to be allowed by the Court of Claims were made in violation of the act, and therefore as clearly forbidden as those previously made. In the course of the opinion the following language was used:

"The policy of the statute seems to be to give to the court, and not

to the parties, the right to settle the measure of compensation to the attorney; and for that purpose the law indicates by express provision the limits of compensation which by the judgment of the court shall be awarded to the attorney. The fact that Congress has declared all existing contracts void is a very strong argument in favor of the theory that they intended that the court should in all cases settle the question of professional compensation, not leaving it either to contracts already in existence nor to such agreements as might be made between claimant and attorney after the rendition of the judgment."

In the concluding paragraph this language was used: "The law having provided that all existing contracts should be void, it would be unreasonable to assume that Congress intended that the parties should still be clothed with the power either to affirm the old agreements or make new ones in violation, it might be, of what Congress regarded as a reasonable compensation within the discretion of the court, circumscribed by the limits of the law."

This construction we approve. As authority to the contrary, the case of Davis v. Commonwealth (Mass.), 30 Lawyer's Reports Annotated, 743, is cited by appellee, in which it was held that an agent employed by the State of Massachusetts to collect a claim against the United States due as a return of direct taxes levied in 1861, was entitled to recover, notwithstanding the act of Congress under which the return was made provided that no part of the money appropriated for that purpose should be paid to "any attorney or agent under any contract for services" made between the State and such agent or attorney.

In the opinion of Justice Gray in Ball v. Halsell, supra, this decision was carefully reviewed and held to be distinguishable from cases arising under statutes declaring such contracts to be void. Even in the Massachusetts case the learned chief justice who wrote the opinion adverted to the fact that Congress had not in the act providing for the return of direct taxes declared contracts of agents or attorneys for services in the collection of such claims to be void. The services had been rendered under an act of the Massachusetts Legislature before the act of Congress was passed, and it was held to be largely a matter of form whether these services should be paid for out of the fund appropriated by Congress or out of some other. This case may be authority for the contention of appellee that appellant had the right to do as he pleased with his money after it passed into his own hands, no matter from what source it came; but it is by no means conclusive of appellee's right to enforce an executory contract forbidden by the policy, if not the language, of an act of Congress in respect to a matter over which Congress had exclusive jurisdiction. We can not accept the proposition, italicised in appellee's brief, "that his right only accrued after the money had actually been paid to Lynch;" for whatever right he acquired had its inception in the unilateral contract declared on, which was made at a time when appellee and the one with whom he contracted were bound to respect the terms and conditions upon which the government proposed to pay the claim.

Therefore, adopting the construction given the Act of Congress of March 3, 1891, by the Supreme Court of the United States and the Court of Claims, we hold the contract declared on to have been made in violation of the policy of that act and to be consequently void, from which it follows that the judgment must be reversed and here rendered for appellant.

*Reversed and rendered.*