JOHN FRIEND, ADMINISTRATOR, v. JOE BOREN ET AL.

Decided April 21, 1906.

**1.—Certiorari to County Court.**

A failure to appeal from an order of the County Court discharging an administrator does not preclude the remedy by certiorari, and the latter remedy is not dependent upon a showing why the remedy by appeal was not pursued. Nor will

the fact that the administrator was discharged by order of the County Court, and the entire estate paid out, prevent the District Court from reviewing the proceedings in the County Court.

**2.—Claim for Indian Depredations—Fee for Collecting.**

The owner of a claim for Indian depredations can not lawfully contract to pay an amount in excess of fifteen percent thereof for expenses and fees in collecting the same.

Appeal from the District Court of Montague County. Tried below before Hon. D. E. Barrett.

*Hunter & Hunter, W. S. Jamison* and *H. W. Hunt,* for appellant.

*Admire & Wilkerson* and *Chambers & Cook,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees Joe Boren, and Blanch Norman joined by her husband, I. A. Norman, filed their petition in the District Court of Montague County on the 29th day of April, 1904, in which they complained of appellant John Friend as the administrator of the estate of Mack Boren, deceased, the father of Joe Boren and Blanch Norman. It was charged that appellant as administrator had received $5,642 from the United States government as compensation for losses sustained by said decedent from depredations of hostile Indians; that said estate had been paid by appellant without legal order therefor to certain heirs of said Mack Boren other than the petitioners, and to certain other persons without right; that appellant on January 21, 1903, filed his final report as administrator in the County Court of Montague County, showing the payments as stated, and secured its approval and his discharge as administrator. The petitioners alleged that they, as heirs, were entitled to, but had received no part of said estate; that they had no notice of said proceeding and they prayed that a writ of certiorari issue to the County Court to the end that said proceedings therein might be reviewed in the District Court and said final report restated and appellees awarded the several shares of the estate mentioned to which they were entitled. The writ of certiorari issued and the trial in the District Court, which under our law was a trial de novo, resulted mainly as prayed for by appellees.

The first, second and third assignments of error are briefed together and relate to the sufficiency of appellees' petition. The second and third, however, are in violation of the rules and do not require consideration, so that we have but to determine the first, which complains of the action of the court in overruling the general demurrer. Appellee's petition we think undoubtedly good on general demurrer. The petition was filed within the statutory period, and a failure to appeal from the order of the County Court approving the final report and discharging appellant as administrator did not preclude the remedy by certiorari, of which appellees seasonably availed themselves. Under our law the latter is as distinctly statutory, and hence legal, as the former, and is not made dependent upon a showing of cause why the remedy of an appeal was not pursued. (Rev. Stats., art. 332; Linch v. Broad, 70 Texas, 94; Wipff v. Heder, 6 Texas Civ. App., 693.) Nor will the facts that

appellant had paid out the entire estate, and that the County Court entered an order finally discharging him take from the District Court the power to review the proceedings below and to restate the administrator's account in accordance with the law and the evidence. (McShan v. Lewis, 76 S. W. Rep., 616; Richardson v. Kennedy, 74 Texas, 507.)

Under the fifth and tenth assignments, the contention, in substance, is made that appellant was authorized to pay out of the said sum received from the government fifty percent thereof, as was done, to Silas Hare, John G. Hagler and appellant himself by virtue of an order of the County Court purporting to authorize a contract to that effect entered into between the persons named and a former administrator. The contract referred to was in legal effect similar to the contract construed by this court in the case of Lynch v. Pollard, 62 S. W. Rep., 945. We there held that the owner of an Indian depredation claim could not under the act of Congress relating to such claims, lawfully contract, as was done in this case, to pay a person out of the sum collected for expenses and as fees in prosecuting the claim an amount in excess of the 15 percent allowed by the court of claims and permitted by the act. We see no sufficient reason for changing the conclusion announced in that case, nor is it necessary to repeat what we there said. See also Spofford v. Kirk, 97 U. S., 484. If the owner of the claim can not so contract, we do not see how his legal representative can do so. If forbidden by law the order of the County Court could not and did not give the contract validity. Courts can not any more than individuals contravene lawful enactments of the Congress. It follows that the District Court in restating appellant's account as administrator properly excluded the payment to Hare, Hagler and Friend. This conclusion leads to the further conclusion that the account, as restated by the District Court, was correct, and that appellees were entitled to the sums severally awarded to them. We also think the court properly awarded to certain heirs of Mack Boren, deceased, not parties to the suit, the distributive share of the estate to which they were entitled. It was the duty of the court in restating the account to ascertain who the heirs were, and to make the proper disposition of the estate not lawfully paid out by the administrator. (Rev. Stats., arts. 2198 et 2202, and Reese v. Hicks, 13 Texas, 164.)

The conclusions stated render questions presented by other assignments immaterial. We therefore overrule all assignments, find that the material allegations of appellees' petition are supported by the evidence, and affirm the judgment of the District Court.

*Affirmed.*

Writ of error refused.