## D. H. HEATON ET AL. V. THEO. BUHLER, EXECUTOR.

### Decided April 20, 1910.

**1.—Certiorari—Probate of Will—Jurisdiction—Statute.**

There is nothing in chapter 1 of title XV of the Revised Statutes which limits the right to a certiorari to review a probate proceeding admitting a will to probate, to those persons only who appeared and contested the proceedings in the County Court. Any one interested in the estate of a decedent or a ward is entitled to the writ by complying with the requisites of the law.

**2.—Same—Sufficiency of Application.**

An allegation in a petition for certiorari to review a proceeding in a County Court admitting a will to probate, that the petitioners were and are the heirs of the decedent, would be obnoxious to the criticism that it states a conclusion of the pleader; the facts should be stated showing more certainly the relationship of the petitioners to the testator.

**3.—Same—Insanity of Testator.**

An allegation that a testator was insane at the time his will was executed, states a sufficient cause for reviewing by certiorari a judgment of a County Court admitting the will to probate.

Appeal from the District Court of Victoria County. Tried below before Hon. James C. Wilson.

*Lackey & Lewright,* for appellants.—Where a County Court has admitted to probate a written instrument offered as the last will and testament of a decedent, any person interested in the estate of such decedent may have such action of the County Court revised and corrected by the District Court of such county at any time within two years after such action had in the County Court, provided due application for the writ of certiorari be made to and allowed by such District Court or the judge thereof, and provided the applicant enter into bond in such sum as may be required by the district judge. Franks v. Chapman, 60 Texas, 46; Ray v. Parsons, 14 Texas, 370; Poag v. Rowe, 16 Texas, 591; Newson v. Chrisman, 9 Texas, 113; Moore v. Hardison, 10 Texas, 470; Flanagan v. Pierce, 27 Texas, 78; Heath v. Layne, 62 Texas, 690; Buchanan v. Bilger, 64 Texas, 591; Linch v. Broad, 70 Texas, 94; Williams v. Steele, 101 Texas, 382; Adoue v. Gonzales, 22 Texas Civ. App., 73; Friend v. Boren, 43 Texas Civ. App., 33; Wipff v. Heder, 6 Texas Civ. App., 685; Kalteyer v. Wipff, 92 Texas, 673; Bloom v. Oliver, 56 Texas Civ. App., 391; Pearce v. Leitch, 43 Texas Civ. App., 398; Miers v. Betterton, 18 Texas Civ. App., 430; Harbison v. Harbison, 56 S. W., 1006; Von Koehring v. Schneider, 24 Texas Civ. App., 469.

An application for the probate of an alleged will is fatally defective and will not support a decree probating same when it contains no averment to the effect that the testator was of sound mind at the time of the execution of said instrument. Moore v. Boothe, 39 Texas Civ. App., 339; Martinez v. Martinez, 19 Texas Civ. App., 661; Harding v. Commissioners Court of McLennan County, 95 Texas,

174; Hall v. Jackson, 3 Texas, 305; Gulf, C. & S. F. Ry. Co. v. Vieno, 7 Texas Civ. App., 347; Alamo Fire Co. v. Davis, 45 S. W., 604; Harmon v. Callahan, 35 S. W., 705; Smith v. First Natl. Bank of Flatonia, 43 Texas Civ. App., 495; Western U. Tel. Co. v. Byrd, 34 Texas Civ. App., 594; St. Paul Fire & Marine Co. v. Hodge, 30 Texas Civ. App., 257; Western U. Tel. Co. v. Smith, 88 Texas, 13; Cooper v. Loughlin, 75 Texas, 527; Denison v. League, 16 Texas, 400; Arndt v. Boyd, 48 S. W., 771.

*Proctor, Vandenberge & Crain,* for appellee.—The jurisdiction of the District Court of probate proceedings is purely appellate. Article V, sec. 8, Constitution of Texas; article V, sec. 16, Constitution of Texas; Franks v. Chapman, 61 Texas, 576; Heath v. Layne, 62 Texas, 686; Fisher v. Wood, 65 Texas, 199; Buchanan v. Bilger, 64 Texas, 589; Miller v. Foster, 76 Texas, 479; Bowser v. Williams, 6 Texas Civ. App., 197; McCorkle v. McCorkle, 25 Texas Civ. App., 149.

The statutes of Texas provide the only procedure for contesting the validity of a will which has been probated, and such procedure is the institution of a suit in the County Court in which the will was probated within four years after probate, or, if the basis of the suit be fraud or forgery, within four years after the discovery of such fraud or forgery. Rev. Stats., articles 3364, 3365 and 5353; Franks v. Chapman, 61 Texas, 576; Dew v. Dew, 23 Texas Civ. App., 676; Ballard v. Wheeler, 23 Texas Civ. App., 422.

FLY, ASSOCIATE JUSTICE.—This is a suit founded on an application to the District Court for a writ of certiorari to the County Court of Victoria County, instituted by appellants, describing themselves as heirs at law of L. D. Heaton, against appellee, independent executor of the will of said L. D. Heaton, which will, it was alleged, had been admitted to probate in the County Court on April 10, 1907. The object of the certiorari was to set aside the probate of the will. It was alleged in the petition for certiorari that the application of appellee for probate of the will was defective in that it did not allege that the testator was of sound mind and disposing memory, and that in fact said testator was not of sound mind when he executed the will nor at any time thereafter, and for those reasons the order probating the will was sought to be set aside. The district judge granted the writ of certiorari upon the applicants entering into a bond for $250 for costs, the writ of certiorari to act as a supersedeas in case a bond for $5000 was given. Exceptions were sustained to the application for the writ of certiorari and the proceedings dismissed, and from that judgment this appeal has been prosecuted.

The transcript of the proceedings in the County Court brought up by virtue of the writ, shows that appellee, on March 7, 1907, filed his application to probate the will of L. D. Heaton, which was filed with the application, in which appellee had been named as independent executor, upon which application citation was regularly issued and service had in full compliance with the statute. In April, 1907, the will was duly probated on the testimony of one of the

subscribing witnesses to the will, the testimony being reduced to writing, subscribed in open court by the witness, and filed with the clerk. All of the statutory requirements were followed in the probate of the will, which appears to have been executed with all legal formalities, and appellee was appointed independent executor without bond as provided in the will. The will was not contested in the County Court, and the application for certiorari was made over a year after the will was probated.

The grounds of exception to the application for certiorari were, that it did not comply with the provisions of article 332 of the Revised Statutes, in that it did not sufficiently show the interest of the applicants; that it did not state the names and residences of the parties adversely interested to the applicants, and did not name the beneficiaries of the will and make them parties as required by article 333; that it did not distinctly set forth the error in the County Court sought to be revised; and that the writ of certiorari is not the proper proceeding to contest a will upon ground of mental incapacity of the maker thereof. The first and second grounds were overruled and the last two sustained.

It is provided in article 332, Revised Statutes, that any person interested in the estate of a decedent or ward may have the proceedings of the County Court therein revised and corrected at any time within two years after such proceedings were had; and in the succeeding article it is provided that all applications for the writ of certiorari to the County Court shall be made to the District Court or a judge thereof, and the requisites of the application are set forth. This statute is apparently broad enough in its terms to authorize the writ of certiorari in favor of anyone interested in the estate, whether he actively appeared in the County Court or not, and this view would seem to be strengthened by the provision for a trial *de novo* without reference to any issues having been raised in the County Court, the only restrictions as to issues in the District Court being that they shall be confined to the grounds of error specified in the application for the writ. While this construction of the statute would have the effect of permitting the trial of issues in the District Court that were not tried at all in the County Court, it is a condition of affairs, no matter how inconsistent it may seem with the proposition that the District Court has none but appellate jurisdiction over probate matters, that the statute alone is responsible for.

The authorities upon the question involved are meagre, but in the case of Linch v. Broad, 70 Texas, 92, the question was adverted to by the court, and it was held that although no attempt had been made to correct an order in the County Court in probate matters, the matter could be reviewed in the District Court on certiorari. Again, in the case of Williams v. Steele, 101 Texas, 382, the point was directly raised by the appellees that since the appellees were not parties to the proceedings in the County Court, and the community survivor being dead, the remedy by certiorari is not available, and while the court did not directly pass on that question it was held that article 332 "confers the right to have the proceedings of the County Court revised and corrected, and the language is broad

enough to embrace the proceedings in this case." That language could not, with any propriety, have been used if action in the County Court upon the part of the person applying for a writ of certiorari is a condition precedent to obtaining a revision of an order in the County Court, because no such action had been taken in that case and the point was directly made.

It seems to be the contention of appellee that, while the certiorari might be authorized as to all other orders in the Probate Court without action first had by the applicant in that court, yet it would not be authorized in regard to an order probating a will. The statute makes no such distinction or exception, but authorizes the revision and correction of "the proceedings of the County Court" without reference to their character or the subject matter of them.

There can be no doubt of the absolute correctness of the decision in the case of Franks v. Chapman, 61 Texas, 576, in which it was held that the County Court was the proper one in which to contest the validity of an instrument admitted to probate as a will, but it is not held in that case nor in any other that the action of a County Court in probating a will can not be reviewed by certiorari. In the case of Buchanan v. Bilger, 64 Texas, 589, which is cited by appellee, it was held that the District Court has no original jurisdiction to revise the proceedings of a County Court sitting in matters of probate, but that its jurisdiction is entirely appellate and to be exercised by means of an appeal or the writ of certiorari. In that case it was held that the appointment of an administrator could be revised through the writ of certiorari, and the remedy was denied only because no bond was given by the applicant as required by the statute. To the same general effect are the decisions in Heath v. Layne, 62 Texas, 686, and Fisher v. Wood, 65 Texas, 199.

The suit in which this writ of certiorari was issued had already been instituted in the County Court by the independent executor in applying for the probate of the will, and the present action is not the institution of a new suit but the continued prosecution of one already commenced.

There is a full discussion of the jurisdiction of the District Court in probate matters in the case of Franks v. Chapman, 60 Texas, 46, and, after showing that the District Court has only appellate jurisdiction in such matters, in conclusion it was said: "If there was an express provision in the statutes that the probate of a will admitted to probate in a County Court might be contested by a suit in the District Court, as there was in the Act of March 20, 1848 (Pasch. Dig., 1262), it would then become necessary to inquire whether such a suit was an appellate proceeding or not. But there is no such provision; and as two methods have been provided by the Legislature by which a decree of a Probate Court admitting a will to probate or refusing to admit it may be reviewed, or rather tried *de novo* by the District Courts, one or the other of these methods of procedure must be followed or a District Court can not acquire jurisdiction." The methods referred to are those of appeal and certiorari.

The relief sought by appellants can be denied only by reading

into the statute the requirement that the person seeking a certiorari to review a probate proceeding must show he appeared in the County Court and contested the proceeding of which he complains, which is not permissible and which would largely impair and often destroy the very relief intended to be conferred. Usually when a person is in court and contesting a proceeding he can and will avail himself of the privilege of appeal, but when for any reason he has not appeared in the Probate Court and had the privilege of contesting a proceeding, the statute grants him the privilege of having the case tried *de novo* in the District Court by conforming to the requirements of title XV, chapter 1, of the Revised Statutes. There is nothing in that chapter that requires the person interested in the estate of a decedent or ward to actively contest a proceeding in the Probate Court in order to obtain the writ of certiorari; but if he is interested in the estate and complies with certain requisites set forth in the law, he has an absolute right to the writ if he applies for it within two years from the time the proceedings were had of which he complains.

The person adversely interested to appellants is the independent executor, and the petition was sufficient in stating his name and residence, and if the testator was insane at the time he made his will, as alleged, that was a sufficient error upon which to found a contest of the will by certiorari in the District Court.

The petition for certiorari alleged that "petitioners were and are heirs at law of L. D. Heaton, who departed this life at his home in Victoria, Victoria County, Texas, on or about the 19th day of March, A. D. 1907." That allegation is attacked as being a conclusion of the pleader, rather than the recitation of a fact. While facts should have been stated, perhaps, showing the relationship of appellants to the testator in a clearer light, still the exception on the ground mentioned was overruled and appellants will be given an opportunity to amend their petition, which amendment would doubtless have been made if the exception had been sustained and the others going to the jurisdiction overruled. The judgment is reversed and the cause remanded.

*Reversed and remanded.*