## REYNOLDS et al. v. PRESTIDGE.
### (No. 8416.)

(Court of Civil Appeals of Texas. Dallas. Feb. 12, 1921. Rehearing Denied March 12, 1921.)

1. **Partition** &⟳36—**Purchasers of partitioned land held proper parties to certiorari to review probate proceedings.**

Under Rev. St. arts. 733, 734, 739, as to revision and correction of proceedings of the county court in the matter of the estate of a decedent, petitioner claiming too large a share was partitioned to the other devisees, those to whom they sold the lands partitioned to them are properly made parties defendant in certiorari as adversely interested.

2. **Partition** &⟳36—**Petition for certiorari to review probate partition proceeding held not to have misjoined another cause of action.**

The petition being only one for certiorari to revise and correct the probate orders in partition, there is no misjoinder of causes of action, though the right of petitioner under the will to land partitioned to others is asserted.

3. **Partition** &⟳36—**Petition for certiorari to review partition proceedings in probate held not subject to general demurrer.**

Petition for certiorari to revise and correct proceedings for partition of a decedent's estate is not subject to general demurrer, it reciting in detail the interest of petitioner, sufficiently alleging the adverse interest of the other parties, revealing the court's jurisdiction, and complying generally with the requirements of the statutes as to such actions.

&⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Infants ⬅111—Judgment in action by next friend against infant's interest held subject to attack as one obtained through fraud of next friend.**

Though an infant was a party plaintiff by next friend in a suit to partition a decedent's estate, yet the suit being expressly against his interest, and the judgment following the petition arbitrarily and illegally taking from him part of what the will gave him and adding it to what the will gave the others, he may, on attaining majority, attack the judgment as one obtained through the active fraud or collusion of his next friend, whatever her motive and however honest her purpose.

Error from District Court, Limestone County; A. M. Blackman, Judge.

Suit by Clell Prestidge against J. V. Reynolds and others for writ of certiorari to revise and correct proceedings distributing a decedent's lands. Judgment for plaintiff, and defendants bring error. Affirmed.

Sleeper, Boynton & Kendall, E. C. Street, Alva Bryan, and G. W. Barcus, all of Waco, for plaintiffs in error.

C. S. & J. E. Bradley, of Groesbeck, for defendant in error.

HAMILTON, J. M. M. Prestidge died in Limestone county, Tex., January 24, 1900. He was survived by his wife, Cordelia Prestidge, and by six children, whose respective names were Mrs. Nannie Price (a married daughter), William Prestidge, Dallas Prestidge, Marvin Prestidge, Steve Prestidge, and Clell Prestidge. The first named five were children of a marriage previous to that with Cordelia Prestidge, and the last named, Clell, was a son by Cordelia Prestidge.

M. M. Prestidge left a will dated November 17, 1899, which was duly probated in the county court of Limestone county by judgment dated February 26, 1900. By this will he bequeathed all his estate, consisting of real and personal property, to the above-named surviving wife and children. Only two items of the will are material to a consideration of this case. They are the first and seventh. By the first item a life estate in 205 acres of land was passed to the wife Cordelia, with remainder in fee to Clell at her death, provided that in the event of Clell's death preceding Cordelia's then at her death this land was to be divided equally among the children surviving her. The seventh item of the will was as follows:

"I give and bequeath to my surviving children all of the residue of my estate, real, personal and mixed to be equally divided between them, or should one of my children die before my demise, and leave one or more children, then it or they shall have the one child's part, at my death."

After the will had been probated a suit for partition of the estate was filed by Cordel-ia Prestidge jointly with the guardian of Dallas Prestidge, Marvin Prestidge, Steve Prestidge, minors, Nannie Price, joined pro forma by her husband and Clell Prestidge, a minor, by his next friend, Mrs. Cordelia Prestidge, against B. H. Oates (who seems to have become administrator of M. M. Prestidge's estate) and William Prestidge. The petition alleged that M. M. Prestidge, just prior to his death, called upon John Morgan to write his will so as to give Cordelia Prestidge a life estate in 205 acres of land with remainder to his son, Clell Prestidge, by her, and all the remaining real estate to his other five children, and that Morgan by mistake wrote the will so as to dispose of the lands as they were disposed of in items 1 and 7 of the will, which we have stated above. The petition prayed that the will be reformed and construed so that Clell Prestidge should take none of the land except the remainder in the 205 acres upon the death of his mother, Cordelia Prestidge, and that all the rest of the land belonging to the estate be given to the other five children. Thereafter, in 1902, the county court of Limestone county entered a final judgment of partition, disposing of the land in conformity with the prayer of this petition.

Clell Prestidge became 21 years old on the 22d day of October, 1917, and within 2 years thereafter filed the suit before us on this appeal. This was a suit for a writ of certiorari to the county court of Limestone county to "correct, annul, hold for naught and revise" the proceedings of the county court in 1902, distributing the lands of M. M. Prestidge, so as to award to Clell Prestidge one-sixth of the real estate awarded to the other five children.

The plaintiffs in error, several in number, have acquired by purchase their respective titles to the various tracts of land distributed by the 1902 decree of the county court to the five children by the first marriage of M. M. Prestidge. They were all served with citation, and answered by first filing pleas in abatement embodying the following objections: First, that they were neither necessary nor proper parties to the suit, because they were not parties to the probate proceedings, the review and revision of which was sought in this suit; and, second, that there was a misjoinder of causes of action because the plaintiff sought to have probate orders in the county court relating to M. M. Prestidge's estate revised and reversed, and at the same time in this, the same suit, also sought to have the title of real estate divested out of defendants and vested in himself. The first and second assignments of error present these pleas, and complain of the court's refusal to sustain them.

[1] The defendant in error, by seeking the writ of certiorari for the purposes recited in

his petition, was taking a step which asserted title to a one-sixth interest in all the lands of plaintiffs in error, the title to which was deraigned from his father by them. The exclusive object of the proceeding was to establish this title which had been denied him in the probate proceedings attacked. He asserts sole title to this interest in the land by virtue of the will, and the plaintiffs in error rest their title to it upon the probate judgments whose validity he denies. They have succeeded to whatever title the probate order of distribution would support in the original distributees, and no other. They have completely occupied those distributees' positions in relation to the title because of their respective purchases from such distributees, and now have all the interest adverse to defendant in error which arises from the probate orders. The petition for writ of error is a direct challenge of the validity of the title acquired by them when they purchased, because it, in effect, asserts that their vendors never did have any title to convey. We therefore think they were parties adversely interested and were proper parties, and that the plea of misjoinder of parties ought not to have been sustained.

Article 733, Revised Civil Statutes, provides that—

"Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterwards; provided, that persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

Article 734 provides that—

"All applications for the writ of certiorari to the county court shall be made to the district court, or a judge thereof. It shall state the names and residences of the parties adversely interested, and shall distinctly set forth the error in the proceeding sought to be revised."

Article 739 provides that when the writ is issued the clerk shall forthwith issue a citation, as in ordinary cases, for the party named in the application as being adversely interested in the proceedings sought to be revised. The proceedings in this case with reference to plaintiffs in error are supported by the foregoing statutory provisions. Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Connell v. Chandler et al., 11 Tex. 249; Heaton v. Buhler, 60 Tex. Civ. App. 423, 127 S. W. 1079; Norris v. Duncan, 21 Tex. 594.

In the case of Connell v. Chandler et al., supra, the Supreme Court in passing upon a plea of misjoinder of parties under facts similar to those here presented said:

"The objection that there was a misjoinder of parties is not tenable. It was proposed to bring in question the validity of the sale under which the defendant Fuller purchased. And it was certainly proper to make him a party to a proceeding in which his rights were to become directly the subject of adjudication. The rule is that all the parties in interest, and whose rights are to be directly affected by the decree, must be made parties, in order that the court may be enabled to render a decree which shall do ample and complete justice to all, and which shall bind all."

[2] Neither do we think there was any misjoinder of causes of action, as asserted under the second assignment of error. In a sense plaintiffs in error are correct in saying that the petition embodies an effort to have orders of the probate court revised and corrected, and also embodies an effort to have title to land divested out of plaintiffs in error and vested in defendant in error. But the petition does not state two different and incompatible causes of action. We construe the petition to consist only of the essential requisites of a petition for a writ of certiorari. Of course, the effort to obtain the writ comprehends the effort to establish title to the land in defendant in error, and thereby divest any claim of title out of plaintiffs in error. The object or purpose moving defendant in error is to separate plaintiffs in error from the title and have it put by court decree where it was deposited by the unambiguous terms of the will. The suit unmistakably is an effort to this ultimate end. But the effort reflected in the petition is only to obtain, as a means to this end, the order and decree to be entered upon hearing of the writ of certiorari. Such petition, in any case, would be meaningless if it did not indicate an attempt to achieve a definite purpose of material value to the party filing it. Some right to be remedied must be asserted, and that here set forth is nothing less or more than the right to the described interest in the land, as against all other parties. The suit is not one in trespass to try title, in the strict and technical sense, and at the same time also one, independently, for revision and correction of orders by certiorari. Hence the fact that the suit is an effort, broadly speaking, to take the land away from plaintiffs in error does not impair the fact that it seeks nothing beyond the limitations of a judgment revising and correcting the probate orders of the county court.

[3] The petition recited in detail the interest of defendant in error, sufficiently alleged the adverse interest of the other parties, revealed the jurisdiction of the court, and complied generally with the requirements of the statutes relating to such actions, and accordingly the court properly overruled the general demurrer. We therefore overrule the third assignment of error, which complains that the general demurrer ought to have been sustained.

[4] The judgment in this case annulled and vacated the decrees of the probate court fixing the respective interests of parties in the

estate of M. M. Prestidge, and partitioning it, and also annulled the report of the commissioners of partition, and decreed that defendant in error recover of and from plaintiffs in error and others judgment "as prayed for." The fourth, fifth, sixth, and seventh assignments of error assail the judgment on the ground that Clell Prestidge himself was a minor plaintiff by next friend in the partition suit brought in the probate court, the judgments and decrees in which court the judgment in the instant suit annuls, and that since the former judgments conformed to his petition and were procured at his instance he cannot now challenge them, and is estopped from attacking them.

We, of course, recognize the general rule that a minor is bound, just as any other litigant is, by the judgment in a suit to which it is a party represented by a next friend, in the absence of fraud, collusion, or mistake on the part of the next friend. But we do not believe that rule can be invoked in bar of the right to maintain this suit, under the facts revealed with reference to the partition judgment, in the petition for which Clell Prestidge appears by next friend as a plaintiff. The suit was not instituted to establish any right of his then existing which was denied by any other party to it. Neither was it instituted to acquire anything from any other party. No interest of any kind adverse to the claim of any other party was asserted. Instead of the purpose of the suit being to gain something for him, its purpose was to deprive him of something he already had. While the petition declares the suit to have been brought in his name, it does not appear therefrom that it was brought in his behalf. On the contrary, the petition expressly asserts that the suit is against his interests, and that while it seeks to deprive him of valuable property rights in the estate, it calls for no yielding by any other party. The judgment followed the petition, and arbitrarily and illegally took from him what the will gave him, and added it to what the will had given other parties. He alone was made by the judgment to sacrifice. His next friend, a party to the suit in her own behalf, sought nothing, gained nothing, and lost nothing by the suit. The other parties gained all Clell Prestidge lost. If there had been in the suit any element of compromise, and in a bona fide attempt to effectuate a compromise such judgment had been entered, the contention made by plaintiffs in error against the judgment in the instant case might be sound. The rule that a minor plaintiff is bound by a judgment sought by his next friend in his behalf would then apply. But, as above indicated, the partition suit, while brought in his name, was not brought in his behalf; and the judgment entered was a deliberate and arbitrary effort to sacrifice his rights for the benefit of others. The whole partition proceeding was a transaction in quest of no gain for him, but was expressly to deprive him of property his legal title to which was not questioned. His mother, who as next friend named him as a plaintiff in the suit, was a party to the undertaking against him. Whatever her motive and however honest her purpose, we think the facts surrounding and the facts pervading the partition proceedings are such as to put the judgments attacked in the same category, so far as validity is concerned, with judgments obtained through the active fraud or collusion of a minor's next friend. To hold otherwise would be to permit the form of the law to be used to subvert its spirit and defeat its purpose.

We find nothing in the record out of which arises any requirement that we reform the judgment of the court below with reference to costs, and we accordingly overrule the assignment of error challenging the judgment with respect to costs.

The judgment is affirmed.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes