**ZAMORA v. GARZA.**

**No. 10306.**

Court of Civil Appeals of Texas. San Antonio.

May 11, 1938.

Kennedy Smith, of Raymondville, and F. G. Garza, of Falfurrias, for appellant.

S. L. Gill and Crane & Glarner, all of Raymondville, for appellee.

SLATTON, Justice.

Appellant, Pablo Garza Zamora, filed an application in the District Court of Willacy County for a writ of certiorari to correct a judgment of the County Court of said County sitting in probate. In the application for the writ it was alleged that Porfirio Garza was, on the 5th day of February, 1937, appointed by the County Court as administrator de bonis non of the estate of Romulo Garza, deceased; that theretofore, on the 30th day of July, 1936 appellee filed an application in the County Court to be appointed temporary administrator, which appointment was made on the 30th day of July, 1936; and that notice had been published commanding all parties interested in the estate to appear at the succeeding term of court, at which time the application for permanent administrator was to be heard. It was further averred that appellant filed a contest and also filed his application to

be appointed as said permanent administrator. His grounds for the permanent appointment were stated to be: (1) That he was by inheritance, purchase and otherwise the principal distributee of decedent's estate; (2) That he was a more immediate of kin in line of descent to deceased than the appellee; (3) That under subdivisions 3 and 5 of article 3357 of the Civil Statutes of Texas he has a prior and legal right to the appointment of permanent administrator de bonis non of the estate of Romulo Garza, deceased, in preference to the appellee. It was averred that the contest was heard at the January term of the County Court of Willacy County, to-wit, on February 5, 1937; that the application of appellee was granted and the contest and application of appellant was denied; and the appellee was granted letters on February 5, 1937. It was further made to appear in the application that the appellant was not in any manner disqualified to act as such administrator.

The trial court granted the writ and upon the filing of the necessary bond the writ was issued and served.

Appellee filed his "Amended Motion to Dismiss and Original Answer." The trial court overruled appellee's motion to dismiss and sustained the general demurrer. The reasons for the trial court's action are shown by the following excerpt from the judgment:

"Then came on to be considered the defendant's amended original answer, and the court, after hearing the same and the argument of counsel thereon, is of the opinion that the demurrer of defendant should be sustained, upon the grounds set out in paragraph 7 of said answer, in that it appears from the record of the transcript of the proceedings had in the County Court of Willacy County, Texas, sitting in matters probate, that the judgment of said Court had, prior to the application for the writ of certiorari, become final and res adjudicata as to the parties to this action. And that plaintiff having appeared and plead in said cause, and having given his notice of appeal from the judgment of said probate court, and not having perfected the same, and not having plead in his application for writ of certiorari that the action of the probate court in appointing the defendant, Porfirio Garza, as 'administrator de bonis non of the estate of Romulo Garza, deceased, and caused the said estate or the legatees thereof to suffer any injury or loss, and not having alleged in said application fraud, misconduct or incompetence upon the part of the administrator de bonis non, and it further appearing to the Court that the action of the probate court in appointing said administrator de bonis non, was a discretionary act and no abuse of discretion upon the part of the Judge of the probate court having been alleged in said application."

Certiorari is a remedy well known to common law as a writ issued from a superior court directing an inferior court to transmit to it the record of some proceedings for review. State v. De Silva, 105 Tex. 95, 145 S.W. 330. In Texas the ordinary office of the writ is to perfect the record on appeal, Royal Ins. Co. v. Texas & G. Ry. Co., 53 Tex.Civ.App. 154, 115 S.W. 117, 123, writ refused.

Under article 932, Revised Civil Statutes 1925, writ may issue from the District or County Court for the purpose of reviewing a case upon its merits. Some distinction has been made in this State as to the nature of this remedy as distinguished from an appeal. 9 Tex.Jur. § 2, p. 21. In the same text, in section 4, it is broadly stated that certiorari to correct the orders or judgments of the County Court in probate matters may be resorted to without first pursuing the remedy by appeal or assigning any excuse for not taking an appeal, certiorari and appeal being cumulative remedies. The cases cited seem to support the text.

Taking the averments of appellant's application for the writ as true, which we must, when tested by general demurrer, we are of the opinion that such application stated a good cause of action. Otherwise stated, if the averments of the application are true, the appellant, instead of appellee, was entitled to be appointed as administrator de bonis non of the estate of Romulo Garza, deceased. Friend v. Boren, 43 Tex.Civ. App. 33, 95 S.W. 711.

The trial court seemed to be of the opinion that because appellant had given notice of appeal, but failed to perfect the same, that he was not entitled to the writ. The Friend Case, supra, seems to answer that contention. In that case it is said (page 712): "The petition was filed within the statutory period, and a failure to appeal from the order of the county court approving the final report and discharging appellant as administrator did not preclude the remedy by certiorari, of which appellees seasonably availed themselves. Under our law the latter is as distinctly statutory, and

hence legal as the former, and is not made dependent upon a showing of cause why the remedy of an appeal was not pursued."

The present case is not one where the appellant pursued his remedy of appeal and lost, he merely gave notice of appeal, but did not perfect the same. It is contended by the appellee, and seems to have been sustained·by the trial court, that the appellant having failed to· allege any injury to the estate, his petition did not state a cause of action for a review, upon the case of Schwind v. Goodman, Tex.Com.App., Section B, 221 S.W. 579.

In that case Mr. Justice McClendon quoted from Cyc. as follows (page 580): "If the error is manifest and substantial injury has been sustained, the writ should be allowed; but the court will not award the writ where the errors complained of are merely informal or technical, or where, although there is error in fact, substantial justice has been done, and no appreciable injury has resulted to the complaining party."

In the present case,·if the appellant's allegations in his application are true, he has been denied a statutory right to be appointed administrator de bonis non of the estate of Romulo Garza,· deceased. Certainly, the denial of that right shows an "appreciable injury has resulted to (him) the complaining party."

For the erroneous action of the trial court in sustaining the general ·demurrer, the judgment must be reversed and remanded for trial. It is so ordered.

SMITH, C. J., did not participate in the decision of this case.