'AMORA v. GARZA et al.

No. 10541.

Court of Civil Appeals of Texas.

San Antonio.

May 24, 1939.

F. G. Garza, of Falfurrias, and Kennedy Smith, of Raymondville, for appellant.

Crane & Glarner and S. L. Gill, all of Raymondville, for appellees.

SLATTON, Justice.

This is the second appeal of this case. The first is reported, Zamora v. Garza, Tex.Civ.App., 117 S.W.2d 165, to which we refer for a part of the statement.

A trial to the court, upon the merits, resulted in a judgment denying to Zamora the relief sought, hence this appeal.

The appellant sought the appointment as administrator de bonis non of the estate of Romulo Garza, deceased, upon the following grounds:

1st. That he was by inheritance and purchase the principal distributee of decedent's estate.

2nd. That he was a more immediate of kin in line of descent to deceased than appellee.

3rd. That under Subdivisions 3 and 5, Art. 3357, R.C.S.1925, he had a prior legal right to the appointment in preference to appellee.

The trial court found that appellant is not legally disqualified to act as the administrator of said estate; that appellant has not waived his right to be appointed as such administrator; that the appellant is nearer of kin to the deceased than appellee, Porfirio Garza; and that appellant is the owner by purchase of the interest of named heirs of the deceased.

Article 3357 in part provides:

"Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order. * * *

"5. To the next of kin of the deceased, the nearest in the order of descent first, and so on."

The appellant and other nephews and nieces are the next of kin to the deceased. Three of said parties other than appellant asked the court to appoint the appellee. The other asked the Court to appoint appellee, but in the event the court

refused to appoint the appellee, sought such appointment for himself. Thus of the nearest of kin the appellant is the only unconditional applicant for such appointment. Therefore, if he was not disqualified, as the trial court found, under section five of the above quoted statute, he was entitled to the appointment. Heinemeier v. Arlitt, 29 Tex.Civ.App. 140, 67 S.W. 1038; McLaren's Estate, Tex.Civ.App., 221 S.W. 1045; Zamora v. Garza, supra.

 The appellee seeks to invoke Art. 3359, and claims that he was entitled to the appointment because other kin of the deceased, having the same relation to the decedent as appellant, renounced their right to the administration in favor of appellee. The right given under this statute is applicable to a person who is given preference by Art. 3357, supra, only when there is no other person equally entitled to the preference. Where there exists a class of persons given preference by statute having equal rights the court is governed by Art. 3358.

We are of the opinion that appellee, under the facts of this case, cannot be appointed in preference to appellant. This is so because the appellant has the statutory preference, and the other persons having the same statutory preference as the appellant cannot renounce to the exclusion of one having the same right. Art. 3359, supra.

The appellee next contends that appellant waived his right to the appointment. As we have mentioned above, the trial court found that appellant did not waive his right to the appointment, which finding is supported by the record.

[4] It is contended by the appellee that the principal distributees having asked for his appointment, under Sections 2 and 4 of Art. 3357, R.C.S.1925, appellee has statutory preference to the appointment over the appellant. We think these sections are applicable in those cases where the decedent disposes of property by will, and do not apply where, as in this case, the decedent died intestate.

The appellee finally contends that the remedy of certiorari is not available to the appellant, and that the only effectual remedy for review is by an appeal from the county court to the district court. We are of the opinion that the statutory remedy of certiorari is available to the appel-

lant. Zamora v. Garza, supra; 9 Tex.Jur. § 4, p. 23; Linch v. Broad, 70 Tex. 92, 6 S.W. 751; Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114.

It follows from what we have said that the appellant is entitled to the appointment as administrator de bonis non of the estate of Romulo Garza, deceased, therefore the judgment rendered by the district court will be reversed and remanded, with instructions to that court to appoint the appellant as such administrator and to certify the appointment to the County Court of Willacy County for its observance.

SMITH, C. J., did not participate in the decision of this case.