W. SHIREY et al., Appellants,

v.

G. A. HARRIS et al., Appellees.

No. 15693.

Court of Civil Appeals of Texas.

Fort Worth.

March 2, 1956.

————◆————

Thornton & Thornton and E. G. Thornton, Olney, for appellants.

Marshall, King & Jennings and Frank L. Jennings, Graham, for appellees.

BOYD, Justice.

Appellees, G. A. (Pete) Harris, Jackie Harris, Tommy Gene Harris, Esther Harris Chisom, as guardian of the estate of David Whitt Harris, a minor, and Mildred Cooke, joined by her husband, Walter D. Cooke, filed a petition for writ of certiorari to cor-

rect and restate the annual accounts and final account of appellant W. Shirey as administrator of the estate of G. N. Harris, deceased; to set aside the orders of the County Court approving the annual accounts in so far as they approved the expenses and commissions complained of; to set aside the order of the County Court approving the final account, closing the administration, and discharging the administrator and the surety on his bond; and to recover of appellants Shirey and United States Fidelity & Guaranty Company, the surety on Shirey's bond as administrator, the sum of $6,663.21, which it was alleged was retained by Shirey as expenses and commissions above the amount authorized by law.

Appellees G. A. (Pete) Harris, Jackie Harris, Tommy Gene Harris, and David Whitt Harris are the only children of G. N. Harris, and appellee Mildred Cooke was his surviving wife.

Trial was to the court, and judgment was rendered disallowing commissions received by the administrator in the amount of $5,512.42, setting aside the order of the County Court approving the final account of the administrator in so far as said order approved the commissions disallowed by the trial court, and discharged the administrator and his surety, and judgment was rendered that appellees pay into the registry of the County Court the sum of $5,512.42 for the use and benefit of said estate.

Appellants' first point is that the court erred in overruling their exception to appellees' petition based upon the contention that certiorari is unavailing in the case, and that appellees' only remedy was by appeal from the orders of the County Court.

■ Article 932, R.C.S., is as follows: "Certiorari to the county court. Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the

removal of their respective disabilities within which to apply for such revision and correction."

The remedy by certiorari is distinctly statutory, and is not made dependent upon a showing why an appeal was not pursued. Friend v. Boren, 43 Tex.Civ.App. 33, 95 S.W. 711, writ refused; Zamora v. Garza, Tex.Civ.App., 117 S.W.2d 165; McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567.

■ It has been held that certiorari is not available to set aside orders of the probate court approving claims against estates. Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279; De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; McDonald v. Edwards, supra. But that is not the situation here. There were no claims filed by the administrator and approved by the County Court for the expenses and commissions under attack. The right of parties to invoke the jurisdiction of the District Court in certiorari proceedings to review orders of the probate court has been liberally construed. Connell v. Chandler, 11 Tex. 249; Reynolds v. Prestidge, Tex.Civ.App., 228 S.W. 358; Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Heaton v. Buhler, 60 Tex.Civ.App. 423, 127 S.W. 1078; Norris v. Duncan, 21 Tex. 594; Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114; Linch v. Broad, 70 Tex. 92, 6 S.W. 751; 21 Tex.Jur., pp. 375–378, secs. 110, 111. We have considered all the authorities cited by appellants on this point, but do not believe they preclude the remedy of certiorari in this case. The point is overruled.

■ Appellants' next point is that the court erred in overruling their exception to appellees' petition based upon the proposition that so much of the action which involved the attempt to revise proceedings occurring more than two years before the application for writ of certiorari was filed, is barred by the terms of Article 932. The only authority cited by appellants in support of their position is Wade v. Scott, Tex. Civ.App., 145 S.W. 675. In that case no effort was made to revise and correct any annual or final account of an administrator or to set aside an order approving such.

Some of the annual accounts under scrutiny in the case at bar were filed and approved more than two years before the suit was filed. The order approving the administrator's final account and closing the administration was entered less than eight months before the suit was filed.

It has been held that actions to revise or correct administrators' accounts and orders approving them are not barred until two years after final settlement and discharge. Hefflefinger v. George, 14 Tex. 569; Hagerty's Ex'rs v. Scott, 10 Tex. 525; Tindal v. McMillan, 33 Tex. 484; 14–B Tex. Jur., p. 110, sec. 1038. Moreover, appellee David Whitt Harris was a minor at the time the suit was filed, and he will not be barred until two years after the removal of his disabilities. Article 932, R.C.S. Had the minor appellee alone prevailed in the suit, the accounts and the orders approving them would have been revised the same as if no appellee had been barred. Miers v. Betterton, 18 Tex.Civ.App. 430, 45 S.W. 430. We think the court did not err in overruling the exception.

■ Points three and four are briefed together, and we so consider them. They challenge the findings and holdings of the court as to the excessiveness of the commissions allowed the administrator and as to the alleged errors of the County Court in approving them.

The court found that Shirey showed in each annual account a sum of money paid to him as an advancement on the administrator's fee, but that in none of the annual accounts is any method shown of calculating the proper amount of commissions; that Shirey sold real and personal property for $59,299.97, paid from the proceeds of the sales the sum of $50,549.97 on debts against said property, and retained $5,492.50 as commissions of five per cent; that Shirey was paid $253.64 as a commission of five per cent on funds transferred from various accounts belonging to the estate to other accounts; and the court concluded that these commissions were unauthorized and that the County Court erred in approving them.

By the provisions of Article 3689, administrators are entitled to receive five per cent on all sums they may actually receive in cash, and the same per cent on all sums they may pay out in cash.

Article 3690, R.C.S., Vernon's Ann.Civ.St. art. 3690, is as follows:

"A commission shall not be allowed or received for receiving any cash which was on hand at the time of the death of the testator or intestate, nor a commission for receiving money realized from the sale of property to satisfy debts against the property and the paying out of the proceeds in satisfaction of the debt except as to the amount realized from the sale in excess of the debt, nor for paying out money to the heirs or legatees as such. Provided, however, that if the administrator or executor shows to the court that the value of the services rendered the estate in making a sale of property securing a debt exceeds the amount of the commission calculated as above provided, then the court shall allow a commission for a just amount. The amount not to exceed that now allowed by law."

Article 3691 provides that administrators shall be allowed all reasonable expenses necessarily incurred in the course of the administration; and Article 3692 provides that such expense charges shall be made in writing, itemized and verified by the administrator, filed with the clerk, entered on the claim docket, and acted upon by the court in like manner as in other claims.

The court found that the administrator never filed any claim for compensation under Article 3690 or offered any proof in the County Court that the value of his services in making the sales exceeded the amount of commissions ordinarily allowed by law, and that he never filed a claim in the County Court seeking in allowance for expenses or for any extra compensation. The court further found that "this has not been shown to be an exceptional case wherein the administrator is entitled to receive additional compensation for his services." The court concluded that it was "without jurisdiction,

on writ of certiorari, to allow any expenses or extra compensation."

Appellants say, in substance, that the court held that it could not pass upon the issue of extra compensation, but proceeded to pass upon it. We understand by this that appellants contend that the court did exercise jurisdiction to disallow the claim.

When we consider the conclusion that the court was "without jurisdiction" to allow expenses or extra compensation along with the finding that "this has not been shown to be an exceptional case wherein the administrator is entitled to receive additional compensation for his services," it appears that the effect on Shirey's claims will be the same if either the conclusion or the finding is correct as it would be if both are correct.

Appellees argue that in any event the claim for expenses and extra compensation could not have been allowed by the trial court because Rule 350, Texas Rules of Civil Procedure, provides that "the issues shall be confined to the grounds of error specified in the application for the writ." That Rule also provides that the cause shall be tried de novo. It is contended by appellants that authority for such allowance is found in Article 3690, that said Article is self-executing, and that no formal request or showing to the County Court was required of the administrator to put the provisions of the Article into effect.

Assuming without deciding that the District Court had jurisdiction to pass upon the claim for extra compensation, and leaving out of consideration the facts that Shirey did not file any claim for expenses under Article 3692 and made no formal "showing" in the County Court that the value of his services in making the sales exceeded the compensation ordinarily allowed by law, we are met with the finding that this is not such an exceptional case that the administrator is entitled to extra compensation. And we cannot agree with appellants that

this finding is "in direct conflict with all the evidence." We think the evidence was sufficient to sustain it.

We agree with appellants that this was an involved estate, and its administration entailed considerable time and labor. Shirey testified without dispute that the administration required some 3,000 hours of bookkeeping services, for which a reasonable charge would be $1.50 per hour, and that Shirey was required to make not less than 130 trips from his office to oil leases owned by the estate, for which $10 per trip would be a reasonable charge. But appellants do not challenge the findings that appellees received only $20,800 from the estate; that Shirey received $6,817.71 as compensation after disallowing the commissions of $5,-492.50 and $253.64 discussed above; that most of the real and personal property was sold within the first seven months; and that the administrator earned in excess of $5,-000 during the first year. Under the facts revealed by this record, we are not at liberty to say that the trial court's judgment shows an abuse of discretion in revising the administrator's accounts and the County Court's orders approving them.

■ Appellees have a cross-point to the effect that the court erred in allowing the administrator credit for $500 paid to M. E. Wallace when no claim was filed either by Wallace or the administrator to cover the item, and appellees urge that the judgment be reversed and rendered in their favor so that their recovery will be increased by the amount of $500. The court found that this amount was paid to Wallace for the preparation and filing of an estate tax return and that the expense was necessarily incurred by the administrator in the performance of his duties. Moreover, while appellees gave notice of appeal, they did not perfect their appeal by executing the bond required by Rule 354. We think therefore that the matter is not before us for review.

Finding no error, the judgment is affirmed.